HYDE et al. v. WOLF et al.

(Supreme Court, Appellate Division, First Department. July 28, 1898.)

FRAUDULENT CONVEYANCE—EVIDENCE.

    A manufacturer, with no claims coming due against him for three months, transferred all his good outstanding accounts, amounting to $16,000, and sold all his stock in trade, worth $20,000, both for nominal considerations. *Held*, in an action by a judgment creditor to set aside the transfer of the accounts, that, in the absence of a showing by the assignee thereof that he was a purchaser in good faith, for valuable consideration, the facts warranted a finding that the transaction involved a fraudulent intent.

Appeal from special term, New York county.

Action by Albert J. Hyde and others against Abram J. Wolf and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and INGRAHAM, JJ.

A. H. Parkhurst, for appellants.
J. J. Allen, for respondents.

VAN BRUNT, P. J. This is an action by a judgment creditor to set aside the transfer of certain outstanding accounts made by the defendant Ike J. Wolf to the firm of B. J. Wolf & Sons. It appears from the evidence that the defendant Ike J. Wolf was a manufacturer

·of clothing, doing business in the city of New York, and that the other defendants were manufacturers and dealers in clothing in New Orleans, and that Ike J. Wolf manufactured clothing for B. J. Wolf & Sons, and shipped it south to them.    On Wednesday, February 24, 1897, Wolf transferred all his outstanding accounts that he thought good, aggregating in amount about $16,000, to B. J. Wolf & Sons, for a nominal consideration of $10.    He continued business, left his store as usual on Saturday, February 27th, and on Monday, March 1st sold all his stock in trade (which he would not swear was not worth $20,000 on the 1st of February, 1897) for $1,400; claiming to have been compelled to do so by the solicitations of a creditor named Kessell, to whom he was indebted, but whose indebtedness was not due for three months.    His stock was insured for $25,000.    From this time forward neither stock nor books of account have been heard of.    Thus we find that this defendant Ike J. Wolf was in complete possession of his business on Wednesday, and absolutely denuded of everything, including books of account, on Monday, with no claims due in less than three months, disposing of book accounts amounting to $16,000 for $10, and a stock in trade amounting to $20,000 for $1,400.    It does not seem as though it required much argument to indicate the fraudulent intent of such a transaction.    It is claimed, however, that the assignment of the accounts was for the protection of an indebtedness owed by Ike J. Wolf to the firm of B. J. Wolf & Sons.    There is no reliable evidence in the case showing that any such indebtedness existed.    An account of the indebtedness was given upon the examination of the defendant in supplementary proceedings, which is proven to be false.    The transfer is attempted to be bolstered up by the evidence of B. J. Wolf, who knows nothing personally in regard to what the transactions were.    The only person who had such personal knowledge is not called as a witness, and B. J. Wolf claims to testify from information which he has received from his partner.    This will hardly do in a court of justice.    It was an evident attempt to prevent the plaintiffs from finding out from the only person who had knowledge in regard to this transaction what its true inwardness was.    If it were at all necessary to prove the fraudulent intent in the receipt of this assignment of accounts, it was clearly shown when Wolf & Sons utterly failed to produce any legal evidence in regard to the existence of the indebtedness from Ike J. Wolf to them.    The transfer being by an insolvent debtor for an expressed nominal consideration, it was necessary for the person who received such transfer to show his good faith, and that he was a purchaser for valuable consideration, in order to avoid the taint which affected the transaction resulting from the undoubted fraudulent intent of the grantor.

The judgment should be affirmed, with costs.    All concur.