CONTE v. CONTE.

(Supreme Court, Appellate Division, First Department. April 24, 1903.)

1. MARRIAGE—ANNULMENT—AGE OF CONSENT—REMEDY OF WIFE—OBSOLETE STATUTE.

Code Civ. Proc. § 1742, provides that the woman may sue to annul a marriage where she had not attained 16 years and it took place without the consent of her father, mother, guardian, etc., and was not consummated or ratified after she attained 16. Section 1743 provides that such an action may be maintained where one or both of the parties had not attained the age of legal consent. Section 1744 provides that an action of annulment on such a ground may be maintained by the infant, either parent, guardian, or next friend; but that a marriage shall not be annulled at the suit of the party who was of legal age, or where it appears that after attaining legal age the parties cohabited together. Domestic Relations Law, art. 1, § 4 (Laws 1896, p. 216, c. 272), fixes the age of consent for both males and females at 18 years. *Held*, in view of the history of legislation showing that the purpose of section 1742 was to enable the wife to maintain suit for annulment at a time when the age of consent for females was 12 and for males 14 years, that section, when the age was increased for both parties to 16 and 18, became obsolete; and the wife was not restricted to her remedy under that section, but might sue under section 1743.

Appeal from Special Term, New York County.

Suit by Virginia C. Conte, an infant, by Eliza Martin, her guardian ad litem, against Joseph Conte. From an interlocutory judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

A. H. Kaffenburgh, for appellant.
James A. Douglas, for respondent.

LAUGHLIN, J. The parties were married in this state on the 10th day of April, 1902. The age of legal consent at that time for both males and females was 18 years (article 1, § 4, Domestic Relations Law, being chapter 272, p. 216, Laws 1896). The plaintiff was 17 years of age at the time of the marriage, and she claims the right to have the marriage annulled by virtue of the provisions of section 1743 of the Code of Civil Procedure. She has made the necessary proof under that section, if it be applicable, to sustain the judgment.

The appellant contends that the only authority for annulling the marriage on the application of the wife, on the ground that she was under the age of legal consent, is contained in section 1742 of the Code of Civil Procedure; and that section 1743 was only designed to apply, and should be limited, to an action brought by the husband or by the parent, guardian, or next friend of either party. If this contention be tenable, then the Legislature has conferred greater rights upon the husband, with reference to annulling the marriage for want of age of legal consent of either party, than upon the wife. It was perhaps competent for the Legislature to so provide, but such a construction of the statute should be given with the greatest reluctance. By section 1743 it is expressly provided that the marriage

may be annulled where either or both of the parties had not attained the age of legal consent; but it is provided in section 1744 that the marriage cannot be annulled where the parties freely cohabited as husband and wife for any length of time after they attained the age of legal consent, and that the action cannot be maintained by a party who was of the age of legal consent. It thus appears that, if the action is brought by a party who was under the age of legal consent, the marriage may be annulled under section 1743, if the parties have not freely cohabited as husband and wife after attaining the age of consent, even though the marriage was contracted with the knowledge or consent of the parent or other person having the legal custody of the party under the age of legal consent, and was consummated, and the parties lived together as husband and wife before attaining the age of consent. If the wife is to be limited to an action under section 1742, we find that she cannot have the marriage annulled if it took place with the consent of her father, mother, guardian, or other person having the legal charge of her person, or if it was consummated. It is unreasonable to suppose that this was the intention of the Legislature, and a careful consideration of the provisions of these sections and of the history of the legislation upon which they are based demonstrates that such was not its intention. At the outset, it is to be observed that section 1743 does not in terms prescribe or specify the age of legal consent; while section 1742, instead of referring to the age of legal consent, prescribes the age of the female who may maintain the action. The age there given at present, and at the time this marriage was solemnized, is 16 years, and, if it were to be assumed that by that age the Legislature meant the age of legal consent, it would be necessary to read into the section, by implication, the provisions of the domestic relations law fixing the age of legal consent at 18 years; but even then we would have the absurd result, and unjust discrimination against the wife, already pointed out. It is also to be observed that a literal construction of section 1744 authorizes either party to bring the action under section 1743. An explanation of this apparent inconsistency between the two sections is readily found on tracing the legislation on the subject. Section 1742, as originally enacted, was a substantial re-enactment of chapter 257, p. 234, of the Laws of 1841, the only difference being the omission of an additional condition imposed, that the marriage was a criminal offense on the part of the husband. The Revised Statutes, as enacted in 1827, prescribed 14 years for females, and 17 for males, as the age of legal consent for contracting marriage. Section 2, tit. 1, c. 8, pt. 2. This section was repealed by section 24 of chapter 320, p. 391, of the Laws of 1830, and was not re-enacted until 1887, when, by chapter 24, p. 25, of the Laws of that year, the age of legal consent of males was fixed at 18 years and of females at 16 years. In the time intervening between the repeal and re-enactment of said section there was no statute in this state prescribing the age of legal consent, and the common-law rule of 14 years for males and 12 years for females prevailed. Bennett v. Smith et al., 21 Barb. 439; Moot v. Moot, 37 Hun, 288. Section 1743 of the Code is a literal re-en-

actment, so far as here material, of section 20, tit. I, c. 8, pt. 2, of the Revised Statutes as originally enacted, and section 1744 is a, re-enactment of section 21 thereof, with changes and alterations removing doubt that existed as to who might maintain the action, and making the provisions definite and certain on that subject. At the time of the enactment of the Revised Statutes, by which, as has been seen, it was first provided that the age of legal consent of females was 14 years, the Legislature also made it a criminal offense for any person to take a female under the age of 14 years from her father, mother, guardian, or other person having the legal charge of her person, without their consent, for the purpose of marriage (section 26, tit. 2, c. I, pt. 4; 2 Rev. St. p. 664, § 26); and this provision remained after the repeal of the provision prescribing the age of legal consent, and it is the provision to which reference is made in chapter 257, p. 234, of the Laws of 1841, it being then a criminal offense to take a girl under 14 years of age for marriage without the consent of her legal custodian. It thus appears that at the time of the enactment of chapter 257, p. 234, of the Laws of 1841, a marriage could be annulled upon the ground that one or both of the parties had not attained the age of legal consent, which at that time was 14 years for males and 12 for females. It is apparent, therefore, that by that enactment which gave the wife a cause of action for the annulment of the marriage if it took place before she was 14 years of age— provided it was not consented to by her parents or other guardians, or consummated or ratified by mutual assent of the parties after she became 14 years of age—the Legislature intended to and did confer upon her the right in those circumstances to have the marriage annulled, even though it was performed any time during the two years after she attained the age of legal consent. This was an additional right or privilege over that conferred upon the husband.

When part 2 of the Code of Civil Procedure was enacted, as has been seen, the age of legal consent rested upon the common law, and section 1743, authorizing the annulment of a marriage where one or both of the parties had not attained the age of legal consent, as originally enacted, had reference to the common-law rule. Thus at that time, in enacting section 1742, authorizing an annulment of the marriage at the suit of the wife where she had not attained the age of 14 years at the time of the marriage, the Legislature continued the additional privilege or right conferred upon the wife by the act of 1841. Subsequently the Penal Code was adopted. Section 282 thereof was a substantial re-enactment of said section 26, tit. 2, c. I, pt. 4, Rev. St., except that the age under which the taking of a female in marriage might be without the consent of her parent, or other legal custodian of her person, was changed from 14 to 16 years. This was amended, changing the age to 18 years, in 1895. Chapter 460, p. 281, Laws 1895. In 1887, section 1742 of the Code of Civil Procedure was amended, further enlarging the right or special privilege of the wife, by authorizing the maintenance of the action where she had not attained the age of 16 years. Chapter 22, p. 25, Laws 1887. Shortly after this, as has been seen, the Revised Statutes were amended by re-enacting the provision prescribing the age

of legal consent as 16 for females and 18 for males. Chapter 24, p. 25, Laws 1887. By that enactment the Legislature brought the age of legal consent of females up to that at which, by previous legislation, a special privilege, right, or cause of action had been conferred upon the wife, with reference to annulling the marriage, over and above that conferred upon the husband; and the necessity and usefulness of section 1742 thereupon terminated or became suspended. Since that time, the right conferred by that section being less and more limited than the right conferred by section 1743, the former section became and has remained obsolete; but this does not seem to have been brought to the attention of the Legislature, and it has remained upon the statute books.

It follows, therefore, that the judgment should be affirmed, with costs. All concur.