VIRGINIA C. CONTE, an Infant, by ELIZA MARTIN, her Guardian ad Litem, Respondent, *v.* JOSE CONTE, Appellant.

*Annulment of marriage — action by a woman who married while under the age of legal consent — under what circumstances it can be maintained.*

Section 1742 of the Code of Civil Procedure, which prescribes the circumstances under which a married woman may maintain an action to procure a judgment annulling the marriage, is obsolete, and a woman who marries before reaching the age of consent, namely, eighteen years, may bring an action to annul such marriage under section 1743 of the Code of Civil Procedure.

*Semble,* that in such an action the marriage may be annulled if the parties have not freely cohabited as husband and wife after the complaining party has attained the age of consent, even though the marriage was contracted with the knowledge and consent of the parents or other person having legal custody of the complaining party, and was consummated by the parties living together as husband and wife before the complaining party attained the age of consent.

APPEAL by the defendant, Jose Conte, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of November, 1902, upon the decision of the court, rendered after a trial at the New York Special Term, annulling the marriage between the parties.

*A. H. Kaffenburgh,* for the appellant.

*James A. Douglas,* for the respondent.

LAUGHLIN, J. :

The parties were married in this State on the 10th day of April, 1902. The age of legal consent at that time for both males and females was eighteen years. (Dom. Rel. Law [Laws of 1896, chap. 272], § 4.) The plaintiff was seventeen years of age at the time of the marriage and she claims the right to have the marriage annulled by virtue of the provisions of section 1743 of the Code of Civil Procedure. She has made the necessary proof under that section, if it be applicable, to sustain the judgment.

The appellant contends that the only authority for annulling the marriage on the application of the wife on the ground that she was under the age of legal consent is contained in section 1742 of the Code of Civil Procedure, and that section 1743 was only designed

CONTE *v.* CONTE.

to apply and should be limited to an action brought by the husband or by the parent, guardian or next friend of either party. If this contention be tenable, then the Legislature has conferred greater rights upon the husband with reference to annulling the marriage for want of age of legal consent of either party than upon the wife. It was perhaps competent for the Legislature to so provide, but such a construction of the statute should be given with the greatest reluctance. By section 1743 it is expressly provided that the marriage may be annulled where one or both of the parties had not attained the age of legal consent; but it is provided in section 1744 that the marriage cannot be annulled where the parties freely cohabited as husband and wife for any length of time after they attained the age of legal consent, and that the action cannot be maintained by a party who was of the age of legal consent when the marriage was contracted. It thus appears that if the action is brought by a party who was under the age of legal consent the marriage may be annulled under section 1743 if the parties have not freely cohabited as husband and wife after attaining the age of legal consent, even though the marriage was contracted with the knowledge or consent of the parents or other person having the legal custody of the party under the age of legal consent, and was consummated and the parties lived together as husband and wife before attaining the age of consent. If the wife is to be limited to an action under section 1742, we find that she cannot have the marriage annulled if it took place with the consent of her father, mother, guardian or other person having the legal charge of her person, or if it was consummated. It is unreasonable to suppose that this was the intention of the Legislature, and a careful consideration of the provisions of these sections and of the history of the legislation upon which they are based demonstrates that such was not its intention. At the outset it is to be observed that section 1743 does not in terms prescribe or specify the age of legal consent, while section 1742, instead of referring to the age of legal consent, prescribes the age of the female who may maintain the action. The age there given at present and at the time this marriage was solemnized is sixteen years, and if it were to be assumed that by that age the Legislature meant the age of legal consent, it would be necessary to read into the section, by implication,

the provisions of section 4 of the Domestic Relations Law fixing the age of legal consent at eighteen years ; but even then we would have the absurd result and unjust discrimination against the wife already pointed out. It is also to be observed that a literal construction of section 1744 authorizes either party to bring the action under section 1743. An explanation of this apparent inconsistency between the two sections is readily found on tracing the legislation on the subject. Section 1742, as originally enacted, was a substantial re-enactment of chapter 257 of the Laws of 1841, the only difference being the omission of an additional condition imposed, that the marriage was a criminal offense on the part of the husband. (See Laws of 1880, chap. 178, § 1742.) The Revised Statutes, as enacted in 1827, to take effect on January 1, 1830 (See Laws of 1828 [2d Session], chap. 20),* prescribed fourteen years for females and seventeen years for males as the age of legal consent for contracting marriage. (R. S. part 2, chap. 8, tit. 1, § 2; 2 R. S. 138, § 2.) This section was repealed by section 24 of chapter 320 of the Laws of 1830, and was not re-enacted until 1887, when by chapter 24 of the Laws of that year the age of legal consent of males was fixed at eighteen years and of females at sixteen years. In the time intervening between the repeal and re-enactment of said section, there was no statute in this State prescribing the age of legal consent ; and the common-law rule of fourteen years for males and twelve years for females prevailed. (*Bennett* v. *Smith*, 21 Barb. 439 ; *Moot* v. *Moot*, 37 Hun, 288.) Section 1743 of the Code is a literal re-enactment, so far as here material, of section 20, title 1, chapter 8, part 2 of the Revised Statutes (2 R. S. 142, § 20), and section 1744 is a re-enactment of section 21 thereof (Id. § 21), with changes and alterations removing doubt that existed as to who might maintain the action and making the provisions definite and certain on that subject. At the time of the enactment of the Revised Statutes by which, as has been seen, it was first provided that the age of legal consent of females was fourteen years, the Legislature also made it a criminal offense for any person to take a female under the age of fourteen years from her father, mother, guardian or other person having the legal charge of her person without their consent

---

* Bound with Laws of 1829.— [REP.

for the purpose of marriage (R. S. part 4, chap. 1, tit. 2, § 26 ; 2 R. S. 664, § 26 ) ; and this provision remained after the repeal of the provision prescribing the age of legal consent and it is the provision to which reference is made in chapter 257 of the Laws of 1841, it being then a criminal offense to take a girl under fourteen years of age for marriage without the consent of her legal custodian. It thus appears that at the time of the enactment of chapter 257 of the Laws of 1841, a marriage could be annulled upon the ground that one or both of the parties had not attained the age of legal consent, which at that time was fourteen years for males and twelve years for females. It is apparent, therefore, that by that enactment which gave the wife a cause of action for the annulment of the marriage if it took place before she was fourteen years of age, provided it was not consented to by her parents or other guardians, or consummated or ratified by mutual assent of the parties after she became fourteen years of age, the Legislature intended to and did confer upon her the right in those circumstances to have the marriage annulled, even though it was performed any time during the two years after she attained the age of legal consent. This was an additional right or privilege over that conferred upon the husband.

When part 2 of the Code of Civil Procedure was enacted (Laws of 1880, chap. 178), as has been seen, the age of legal consent rested upon the common law, and section 1743, authorizing the annulment of a marriage where one or both of the parties had not attained the age of legal consent, as originally enacted, had reference to the common-law rule. Thus at that time in enacting section 1742 authorizing an annulment of the marriage at the suit of the wife, where she had not attained the age of fourteen years at the time of the marriage, the Legislature continued the additional privilege or right conferred upon the wife by the act of 1841. Subsequently the Penal Code was adopted. (Laws of 1881, chap. 676.) Section 282 thereof was a substantial re-enactment of said section 26, title 2, chapter 1, part 4, Revised Statutes, (2 R. S. 664, § 26), except that the age under which the taking of a female in marriage without the consent of her parents or other legal custodian of her person, was changed from fourteen to sixteen years. This was amended, changing the age to eighteen years in 1895. (Laws of 1895, chap. 460.) In 1887, section 1742 of the Code of Civil Procedure was amended, further enlarging the right or special privilege

of the wife by authorizing the maintenance of the action where she had not attained the age of sixteen years at the time of the marriage. (Laws of 1887, chap. 22.)   Shortly after this, as has been seen, the Revised Statutes were amended by re-enacting the provision prescribing the age of legal consent as sixteen for females and eighteen for males.   (Laws of 1887, chap. 24.)   By that enactment the Legislature brought the age of legal consent of females up to that at which by previous legislation a special privilege, right or cause of action had been conferred upon the wife with reference to annulling the marriage over and above that conferred upon the husband; and the necessity and usefulness of section 1742 of the Code of Civil Procedure thereupon terminated or became suspended.   Since that time, the right conferred by that section being less and more limited than the right conferred by section 1743, the former section became and has remained obsolete; but this does not seem to have been brought to the attention of the Legislature and it has remained upon the statute books.

It follows, therefore, that the judgment should be affirmed, with costs.

Van Brunt, P. J., Patterson, O'Brien and McLaughlin, JJ., concurred.

Judgment affirmed, with costs.