DICKINSON, Appellant, v. GERRY, Respondent. (Supreme Court, Appellate Division, First Department. June 29, 1904.) Action by Anna F. Dickinson against Louisa M. Gerry. L. Marshall, for appellant. W. H. Harris, for respondent. No opinion. Judgment affirmed, with costs.

---

DOSE, Respondent, v. NAUGHTON et al., Appellants. (Supreme Court, Appellate Division, First Department. July 13, 1904.) Action by Henry Dose against Bernard Naughton and another. G. G. Battle, for appellants. R. Goeller, for respondent. No opinion. Upon the respondent's stipulating to reduce the judgment as entered, including costs, allowance, etc., to $563.89, judgment, as so reduced, affirmed, without costs; otherwise, judgment reversed and new trial ordered, with costs to appellants to abide event.

---

DREY, Appellant, v. WEIL et al., Respondents. (Supreme Court, Appellate Division, First Department. July 13, 1904.) Action by May Drey against Charles Weil and others. A. H. Parkhurst, for appellant. T. Baumeister, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

---

DUBOIS v. CARRUTHERS et al. (Supreme Court, Appellate Division, Second Department. July 28, 1904.) Action by William E. Dubois against Thomas C. Carruthers and Frederick W. Carruthers. No opinion. Judgment of the Municipal Court affirmed, with costs.

---

DU FRANE, Appellant, v. METROPOLITAN ST. RY. CO., Respondent. (Supreme Court, Appellate Division, First Department. June 24, 1904.) Action by Catherine Du Frane, as administratrix, against the Metropolitan Street Railway Company. G. F. Hickey, for appellant. C. F. Brown, for respondent. No opinion. Order affirmed, with costs.

---

DUNHAM v. HASTINGS PAVEMENT CO. (Supreme Court, Appellate Division, First Department. June 29, 1904.) Action by Edward R. Dunham against the Hastings Pavement Company. No opinion. Motion denied, with $10 costs.

---

DUNTZ, Appellant, v. PFAUDLER CO., Respondent. (Supreme Court, Appellate Division, Third Department. June 30, 1904.) Action by Mark Duntz, as trustee, etc., against the Pfaudler Company, impleaded, etc.

PER CURIAM. Judgment unanimously affirmed, with costs, on opinion of Cochrane, J., at Special Term. 83 N. Y. Supp. 957.

---

DUTCHESS COUNTY, Appellant, v. DYER, et al., Respondents. (Supreme Court, Appellate Division, Second Department. June 24, 1904.) Action by Dutchess county against John Dyer, Jr., and the Fidelity & Deposit Company of Maryland. No opinion. Order affirmed, with $10 costs and disbursements.

In re DYER. (Supreme Court, Appellate Division, Second Department. June 24, 1904.) In the matter of the application of Leonard Huntress Dyer for admission to the bar. No opinion. Application granted.

---

EARL, Respondent, v. EARL, Appellant. (Supreme Court, Appellate Division, Fourth Department. July 6, 1904.) Action by Nellie L. Dickerson Earl, an infant, against Wheeler N. Earl.

PER CURIAM. Judgment and order affirmed, with costs. *Held*, that plaintiff at the time of her marriage, having been under the age of legal consent as fixed by chapter 272, p. 215, Laws 1896 (domestic relations law), was entitled to maintain this action for the annulment of her marriage under sections 1743, 1744, of the Code of Civil Procedure, and was not governed by the provisions of section 1742 of said Code (Conte v. Conte, 82 App. Div. 335, 81 N. Y. Supp. 923); also held, that plaintiff, having an absolute statutory right to an annulment of her marriage because contracted under the age of 18 years, did not lose said right merely because, after her complaint was prepared, but before the action was commenced, she returned for a period to live with her husband, such transactions occurring before she had arrived at the age of 18 years (section 1744, supra); also held, that the finding that plaintiff at the time of her marriage was under the age of 18 years was not so unauthorized by or against the weight of the evidence that it should be set aside.

McLENNAN, P. J., dissents upon the ground that the plaintiff, having voluntarily cohabited with the defendant for a period of five months after the appointment of a guardian for the purpose of bringing this action, and after plaintiff had verified the complaint herein, ought not to be granted a judgment annulling her marriage to the defendant.

---

EATON v. MYERS et al. (Supreme Court, Appellate Division, Third Department. September 20, 1904.) Action by Clark Eaton, as guardian, etc., against Eliza N. Myers and others. No opinion. Motion granted.

---

EGE, Respondent, v. CITY OF BUFFALO, Appellant. (Supreme Court, Appellate Division, Fourth Department. July 6, 1904.) Action by German Ege against the city of Buffalo.

PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to the appellant to abide event, upon questions of law only; the facts having been examined and no error found therein. Held, that the learned trial court committed error in charging the jury that as matter of law the plaintiff was free from contributory negligence, and that such issue should have been submitted to the jury for their determination.

---

ELDREDGE et al., Respondents, v. GUTMAN, Appellant. (Supreme Court, Appellate Division, Second Department. July 28, 1904.) Action by Orris K. Eldredge and others against Henry Gutman. No opinion. Judgment and order of the Municipal Court affirmed, with costs.