WANDER v. WANDER.

(Supreme Court, Appellate Division, First Department. February 9, 1906.)

1. MARRIAGE—ANNULMENT—WHO MAY SUE.

Code Civ. Proc. § 1743, provides that an action may be maintained to annul a marriage where one of the parties had not obtained the age of legal consent, and section 1742 provides that a wife may sue to annul a marriage, which took place without the consent of her father, etc., and was not consummated before her sixteenth year. *Held*, that a wife may sue to annul her marriage under section 1743.

2. TRIAL—FINDINGS OF FACT—CONCLUSIONS OF LAW.

A judgment is reversible where the trial court does not comply with Code, § 1022, as amended by Laws 1903, p. 237, c. 85, providing that the decision of the court or the report of a referee upon the trial of the whole issues of fact must state separately the facts found and the conclusions of law.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 924–926.]

Appeal from Special Term, New York County.

Action by Malca Wander, an infant, by Leon Arnson, her guardian ad litem, against Joseph Wander, for the annulment of a marriage. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Boudin & Liebman (Louis B. Boudin, of counsel), for appellant.
David Steinhardt (Philip Berg, of counsel), for respondent.

CLARKE, J.  The plaintiff, by her guardian at litem, brings this action to procure a decree annulling her marriage with the defendant. The complaint alleges, and the proof satisfactorily establishes, that she was born on the 18th day of February, 1888. "A ceremonial marriage took place on the 16th day of August, 1903, in the presence of her family, and about 300 invited guests. She was at that time 15 years of age. The plaintiff and defendant ceased to live together in the latter part of November, 1903. She brings her action under section 1743 of the Code of Civil Procedure which provides that:

"An action may also be maintained to procure a judgment declaring a marriage contract void, and annulling the marriage, for either of the following causes existing at the time of the marriage: 1. That one or both of the parties had not attained the age of legal consent."

Domestic Relations Law, Laws 1896, p. 216, c. 272, provides in article 1, under the heading "Unlawful Marriages," in section 4, that:

"A marriage is void from the time its nullity is declared by a court of competent jurisdiction if either party thereto (1) is under the age of legal consent, which is eighteen years. * * * Actions to annul a void or voidable marriage may be brought only as provided in the Code of Civil Procedure."

The learned counsel for the defendant contends that section 1743 of the Code does not apply; that the action by the woman must be brought under section 1742 of the Code; and that as this marriage did take place "with the consent of her father, mother, guardian, or other person having the legal charge of the person," and was "followed by consummation or cohabitation," it was not unlawful or voidable, and that she is not entitled to a decree of annulment. In brief, that no action by the wife lies, merely because the marriage took place before she arrived at the age of legal consent. This precise question was before this court in Conte v. Conte, 82 App. Div. 335, 81 N. Y. Supp. 923. Mr. Justice Laughlin, writing the decision of an unanimous court, upon a careful examination of the various provisions of law affecting the question of actions for the annulment of the marriage, reached the conclusion that section 1743 of the Code did apply; and that such an action was maintainable. This decision was followed by the learned Appellate Division in the Fourth Department in Earl v. Earl, 96 App. Div. 639, 89 N. Y. Supp. 1103. We have again considered the matter, and find no reason to depart from the views laid down. We therefore would affirm this judgment, were it not for a technical defect.

The learned trial justice signed a decision in the form known as the short form of decision, permitted before the amendment of section 1022 of the Code made by chapter 85, p. 237, of the Laws of 1903. That section now provides:

"The decision of the court, or the report of a referee, upon the trial of the whole issues of fact, must state separately the facts found, and the conclusions of law, and direct judgment to be entered thereon, which decision so filed shall form a part of the judgment roll."

"The power to formulate the decision upon the issues, and upon which the judgment must be entered, rests exclusively with the trial tribunal." Cutter v. Gudebrod Brothers Company, 168 N. Y. 512; 61 N. E. 887. "The judgment must be vacated. The trial court may then make and file a decision disposing of the issues and directing the proper judgment in accordance with the provisions of section 1022 of the Code of Civil Procedure." Electric Boat Co. v. Howey, 96 App. Div. 410, 89 N. Y. Supp. 210.

Judgment reversed, and matter remitted to the trial justice to make and file a decision in accordance with section 1022 of the Code, without costs to either party. All concur.

---

CALDWELL et al. v. NEW YORK & H. R. CO. et al.

(Supreme Court, Appellate Division, First Department. February 9, 1906.)

1. EMINENT DOMAIN—TAKING LAND FOR STREET—PROPERTY ACQUIRED.

2. ESTOPPEL—DEEDS—SUBSEQUENTLY ACQUIRED TITLE.

Where a deed contains no warranty of title, a title subsequently acquired by the grantor does not pass by estoppel.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Estoppel, §§ 91½–93, 108, 109.]

3. EMINENT DOMAIN—ELEVATED RAILROAD STRUCTURE—COMPENSATION.

The running of trains below the surface of the street does not interfere with easements of light and air and access appurtenant to abutting property, but the running of trains on an elevated structure is a taking of such easements for which compensation must be made.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Eminent Domain, §§ 282–290.]

4. SAME—DAMAGES—EVIDENCE—SUFFICIENCY.

In an action to enjoin the operation of trains on an elevated structure in a street in front of plaintiff's property, evidence *held* to justify an award of $6,200 for decrease in rental value, and $11,720 as fee damage.

Appeal from Special Term.