## SHENK v. OLIVA et al.

(Supreme Court, Special Term, New York County.   March, 1916.)

1. FRAUDULENT CONVEYANCES ⊜⇒282—BURDEN OF PROOF—PURCHASE FOR VALUE.

The purchaser from one selling to hinder, delay, or defraud his creditors has the burden of relieving himself from the effect of the fraudulent intent of his grantor and proving that he was a purchaser for a valuable consideration.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 817, 818; Dec. Dig. ⊜⇒282.]

2. FRAUDULENT CONVEYANCES ⊜⇒155—SETTING ASIDE—PROOF OF INTENT.

A creditor, assailing a transfer of property as fraudulent, may succeed by simply showing a fraudulent intent on the part of the vendor, or such intent on the part of the purchaser; and if the purchaser shows that he paid a valuable consideration, proof of his debtor's fraudulent intent only is not sufficient, but there must also be proof of the purchaser's fraudulent intent, or his notice of the debtor's fraudulent intent.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 493; Dec. Dig. ⊜⇒155.]

3. WITNESSES ⊜⇒324—IMPEACHING OWN WITNESSES.

In an action to set aside a fraudulent conveyance, plaintiff, calling the debtor and his grantee as witnesses, might rely on the testimony favorable to himself, as facts wrung from reluctant and unwilling witnesses, leaving their unfavorable testimony to the jury.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1097; Dec. Dig. ⊜⇒324.]

4. FRAUDULENT CONVEYANCES ⊜⇒264—CONDITIONS PRECEDENT—EXHAUSTION OF LEGAL REMEDIES.

Under Code Civ. Proc. § 1871, providing that, when an execution against the property of a judgment creditor has been returned wholly or partly unsatisfied, the judgment creditor may maintain an action against the judgment debtor and any other persons to compel the discovery of any thing in action or other property belonging to the judgment debtor, or to prevent the transfer thereof, a complaint, not expressly alleging that plaintiff had no adequate remedy at law, but alleging that an execution against the property of the judgment debtor had been returned wholly unsatisfied, sufficiently showed the exhaustion of all legal remedies as a condition precedent to his action to set aside the debtor's alleged fraudulent conveyance.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 767, 768; Dec. Dig. ⊜⇒264.]

5. TRIAL ⊜⇒392(3)—FINDINGS—STATUTE.

Under Code Civ. Proc. § 1022, providing that the decision of the court upon a trial of the whole issues of fact must state separately the facts found and the conclusions of law, and direct the judgment to be entered thereon, the requests of the parties for findings of fact, but no conclusions of law, would be returned to the clerk, that amended findings conforming to the statute might be presented in their stead.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 918; Dec. Dig. ⊜⇒392(3).]

Action by Joseph Shenk against John Oliva and others.   Judgment for plaintiff, and findings returned to the clerk, that amended findings conforming to the statute may be presented in their stead.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Morrison & Schiff, of New York City, for plaintiff.

Ashton Parker, of New York City (Julias D. Tobias, of New York City, of counsel), for defendants.

GIEGERICH, J. [1] Without discussing the evidence in detail, it suffices to say that, in my opinion, the circumstances surrounding the transfer by the defendant John Oliva to the defendant Michael Graziano of all his property, consisting of the premises mentioned and described in the complaint, all lead to the conclusion that it was made by the former for the purpose of hindering, delaying and defrauding his creditors. Such being the case, the burden is upon the defendant Graziano to relieve himself from the effect of the fraudulent intent of his grantor by proving that he was a purchaser for a valuable consideration. Starin v. Kelly, 88 N. Y. 418; Linneman v. Bieber, 85 Hun, 477, 33 N. Y. Supp. 129; Hyde v. Wolf, 31 App. Div. 125, 52 N. Y. Supp. 764; Gilmour v. Colcord, 96 App. Div. 358, 89 N. Y. Supp. 689.

[2] I do not give any credence whatever to the testimony of said defendants concerning such transfer and to the alleged payment of a consideration therefor. It is too improbable, in view of all the evidence, and I accordingly find that the transfer was made without any consideration whatever. Moreover, the evidence satisfies me that the grantee, the said defendant Michael Graziano, participated in the fraudulent intent of his grantor, the said defendant Oliva, to hinder, delay and defraud the latter's creditors. These considerations bring the present case well within the following rule laid down in Starin v. Kelly, supra, 88 N. Y. 422, and reiterated and applied in Greenwald v. Wales, 174 N. Y. 140, 144, 66 N. E. 665, 667, viz.:

"Under the statute a creditor assailing a transfer of property, as fraudulent may succeed by simply showing a fraudulent intent on the part of the vendor, or such intent on the part of the vendee. If, however, the vendee shows that he paid a valuable consideration for the property transferred to him, then proof of the fraudulent intent of the vendor only is not sufficient; then there must be proof also of a fraudulent intent on the part of the vendee, or that he had notice of the vendor's fraudulent intent."

[3] The defendants urge that since the plaintiff called the defendants Oliva and Michael Graziano as witnesses he is bound by their testimony. The rule, however, is the other way. In Becker v. Koch, 104 N. Y. 394, 400, 401, 10 N. E. 701, 703 (58 Am. Rep. 515), the court said:

"The general rule prohibiting the impeachment or discrediting of a witness by the party calling him was extended too far in this case. Here was an issue of fraud in the making of an assignment by the assignor, and the defendant, in order to prove its existence, called the very man as a witness whom he alleged was guilty of the fraud. He might well be regarded, therefore, as an adverse witness whom the party by the exigencies of his case was obliged to call. With regard to such witnesses it is well settled that all the rules applicable to the examination of other witnesses do not in their strictness apply. An adverse witness may be cross-examined, and leading questions may be put to him by the party calling him, for the very sensible and sufficient reason that he is adverse and that the danger arising from such a mode of examination by the party calling a friendly or unbiased witness does not exist. What favorable facts the party calling him obtained from such a witness may be justly regarded as wrung from a reluctant and unwilling man, while those which are unfavorable may be treated by the jury with just that degree of

belief which they may think is deserved, considering their nature and the other circumstances of the case."

[4] The defendants further contend, but without citing any authority, that the plaintiff has failed to make out a case, because, as claimed, he has failed to allege in his complaint and prove that he has no adequate remedy at law. It stated in 12 Cyc. p. 6:

"A general rule established by the cases is that before a creditor seeking to subject his debtor's property to the payment of his debt will be assisted in equity he must have exhausted the remedies afforded him by the court of law. The reasons on which the rule is based are: (1) That a judgment and execution returned unsatisfied are the best evidence of the debt; (2) that legal tribunals should adjudicate legal claims."

Although the complaint in this case does not in so many words allege that the plaintiff has no adequate remedy at law, it does allege, and the proof shows, that an execution against the property of the judgment debtor has been returned wholly unsatisfied. This brings the case within section 1871 of the Code of Civil Procedure. It thus appears that the plaintiff has exhausted all the remedies known to the law to obtain satisfaction on the judgment recovered by him, and which the evidence shows remains wholly unpaid. My conclusion is that the plaintiff is entitled to judgment as prayed for, with costs.

[5] The plaintiff, as well as the defendants, has submitted proposed findings of fact, but no conclusions of law. Section 1022 of the Code of Civil Procedure in part provides:

"The decision of the court or the report of a referee upon the trial of the whole issues of fact must state separately the facts found and the conclusions of law, and direct the judgment to be entered thereon, which decision so filed shall form part of the judgment roll."

In Wander v. Wander, 111 App. Div. 189, 97 N. Y. Supp. 586, the judgment was reversed because the decision was not in conformity with the requirements of section 1022, and the matter was remitted to the trial justice to make and file a decision in accordance with that section. The requests for findings are therefore returned to the clerk in order that amended ones, conforming to the requirements of that section, may be presented in their stead.

Let this be done within two days after the publication of this memorandum, and let proof of service on the other side accompany the same when handed in to the clerk.