In the Matter of the Application of ANNIE McGUINNESS, Appellant, to Compel WILLIAM PATRICK BURR and GEORGE C. DE LACY, Attorneys and Counselors at Law, Respondents, to Pay Over Moneys Wrongfully and Unlawfully Retained by Them While Acting as Attorneys for JOHN McGUINNESS, in an Action Entitled : " Court of Common Pleas for the City and County of New York ; ANNIE McGUINNESS, by JOHN McGUINNESS, her Guardian ad Litem, v. THE MANHATTAN RAILWAY COMPANY."

*Attorney and client — an attorney, having an arrangement with his clerk to share a counsel fee with him, is responsible for the clerk's fraud upon the client.*

A firm of attorneys were, through the intervention of a clerk in their office, retained by the guardian of an infant to prosecute an action against a railroad company, under a written agreement, by which the attorneys were to receive one-third of the recovery. The clerk, who by a separate agreement with his employers was to receive one-half the counsel fees, conducted negotiations for a settlement and received from the railroad company two checks, one for $1,750 and the other for $500 and turned them over to his employers. The latter in turn paid the guardian *ad litem* $1,132 out of the $1,750 check and paid to their clerk about one-half of the balance of such check and also one-half of the $500 check.

*Held,* that, although the attorneys had acted with entire honesty in their dealings with their client, and the clerk was mainly responsible for the fraud practiced on the client, these facts did not relieve the attorneys from liability for the portion of the $500 which they paid over to the clerk;

That the relation of attorney and client imposed upon them the duty of exercising care to see that the client received the full amount to which he was entitled.

APPEAL by the petitioner, Annie McGuinness, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of April, 1901, as limits her recovery to $166.67, with interest from the 17th day of July, 1900, instead of the sum of $333.33, with interest from the 20th day of May, 1893.

This is a summary proceeding to compel attorneys to pay over moneys retained in excess of the fees to which they were entitled.

It appears that through the intervention of Ernest M. Welch, who was employed in the office of the attorneys, a written agreement was entered into between them and the guardian of Annie

McGuinness, an infant, whereby they were retained as counsel for the prosecution of an action against the Manhattan Street Railway Company, their fees to be one-third of any amount received or obtained, and that Welch, who by a separate agreement with the attorneys was to receive one-half the counsel fees, conducted negotiations for a settlement with the result that on May 12, 1893, two checks, one for $1,750 and another for $500 were received by him from the company and handed over to the attorneys who, in turn, paid to the guardian $1,132 and to Welch about one-half the balance of the $1,750 check and one-half of the $500 check. On June 17, 1900, the client made a demand upon the attorneys for two-thirds of the $500 check and to enforce it commenced this proceeding. The attorneys claimed that Welch was the attorney in fact for the infant and had practiced fraud upon them as well as upon her. The court found in favor of the petitioner excepting as to the amount paid by the attorneys to Welch, and from that part of the order thereupon entered making such exception, she appeals.

*Benno Loewy*, for the appellant.

*William P. Burr*, respondent in person.

*W. C. Beecher*, for the respondent De Lacy.

PER CURIAM:

Without dissenting from the conclusion reached by the learned judge at Special Term, " that the respondents acted with entire honesty in their dealings with the petitioner," we do not concur in his view that they were responsible only for the amount they retained of the $500, and should not be answerable for the portion thereof which they paid to Welch.

It is conceded that the infant was entitled to two-thirds of the $500; and the legal obligation resting upon the respondents, after they received the money, to pay it to her or her guardian, was not discharged by the payment to Welch. Were the latter before the court, exact justice would require that he should be compelled to disgorge his ill-gotten gains; but the fact that he was the one mainly responsible for the fraud practiced on the infant, is no bar to the recovery of what was due her from the respondents.

MATTER OF McGUINNESS.

They were the attorneys of record, the agreement was with them, they received the money in settlement, and, if through carelessness or confidence in their clerk, they failed to discharge the legal obligation imposed upon them of paying over the full amount, less the sum agreed upon for counsel fees, they cannot, to the injury of the infant petitioner, hide behind Welch and insist that the portion of the $500 which they wrongfully paid to him should be credited to them and deducted from the amount that rightfully belonged to the infant. By the written agreement under which they were retained by the guardian as attorneys of record, there was created the relation of attorney and client and it thereafter became the duty of the respondents to guard jealously the rights of their infant client. If imposed upon by Welch, they have their remedy against him, but they cannot escape from the consequences that legally flow from the relation they assumed.

We think, therefore, that the court should have directed the respondents to pay the two-thirds, together with interest from the date of the demand. The order accordingly should be modified so as to direct the payment of $333.33, with interest from June 17, 1900, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.

Present — Van Brunt, P. J., O'Brien, McLaughlin, Hatch and Laughlin, JJ.

Order modified as directed in opinion, and as modified affirmed, with ten dollars costs and disbursements to the appellant.

---

Note.— The rest of the cases of this term will be found in volume 70 App. Div.— [Rep.