THE MODEL BUILDING AND LOAN ASSOCIATION OF MOTT HAVEN, by GEORGE I. SKINNER, as Superintendent of Banks of the State of New York, Plaintiff, *v.* ALFRED G. REEVES, AMBROSE G. TODD, HAROLD SWAIN, ALEXANDER ROWLAND and HERBERT REEVES, Defendants.

(Supreme Court, New York Special Term, January, 1921.)

Partnership — liability of firm for fraud of one partner — statute of limitations — Code Civ. Pro. § 382(5).

A firm is liable for the fraud of one partner in the course of the transactions and business of the partnership, even when

Supreme Court, January, 1921. [Vol. 114.

the other partners had not the slightest connection with, knowledge of or participation in the fraud.

Where in an action against a firm with which plaintiff had an account, for the misapplication of plaintiff's money by one of the partners without the knowledge of the other partners, no claim is made that the defendants other than the guilty partner had knowledge of or participated in the fraud, the statute of limitations prescribed by section 382(5) of the Code of Civil Procedure does not apply except in so far as it relates to the claim against the guilty partner; the liability of the other partners ends with the running of the statute from the time of the actual wrong.

ACTION for fraud.

Phillips, Mahoney & Liebel (Jeremiah T. Mahoney and J. Archer Hodge, of counsel), for plaintiff.

O'Brien, Boardman, Parker & Fox (Herbert C. Smyth and Edwin W. Cady, of counsel), and Harold Swain, for defendants.

McAvoy, J. There has been a complete judicial settlement of the doctrine that the partners of a firm are liable for the frauds committed by either or any of them in the transaction and prosecution of the partnership enterprise; that the firm is bound for the fraud committed by one partner in the course of the transactions and business of the partnership, even when the other partners have not the slightest connection with, knowledge of or participation in the fraud. Story Part. 108; *Griswold* v. *Haven*, 25 N. Y. 595. The firm being liable for frauds committed by one of its members while acting for the firm and in transacting its business, the innocent partners cannot divest themselves of their responsibility on the ground that they never authorized the commission of the fraud or participated in its fruits. Lindley Part. 150. All the defendants here were partners and all, with the excep-

tion of one, are conceded to have been entirely guiltless of any participation in the fraud perpetrated by the one. But it is impossible for them to escape from the consequences that legally flow from the relation they assumed, not even where, as in this instance, none but the guilty member had any connection with, knowledge of or participation in the fraud or its fruits. The defendants are liable because they were partners at the time of the transactions set forth in the complaint with the concededly guilty partner, whereby the plaintiff suffered loss through his fraud. The real question is, has the plaintiff lost its right to recover against the defendants for this liability through a sufficient lapse of time to cover all the transactions within any provision of law preventing the maintenance of an action through limitation? Section 410 of the Code of Civil Procedure prescribes that: " Where a right exists, but a demand is necessary to entitle a person to maintain an action, the time, within which the action must be commenced, must be computed from the time, when the right to make the demand is complete; except in one of the following cases: 1. Where the right grows out of the receipt or detention of money or property, by an agent, trustee, attorney, or other person acting in a fiduciary capacity, the time must be computed from the time, when the person, having the right to make the demand, has actual knowledge of the facts, upon which that right depends." There is no question but that this provision of the Statute of Limitations runs in favor of agents, trustees and attorneys whenever the obligation upon them is constructive but not expressed, and when both the constructive trustees or agents as well as the other party to the suit were ignorant of the facts upon which the obligation is sought to be based. The statute does not run in favor of one who himself

is guilty of fraud and thereby has obtained property as a constructive trustee. Here there was a misapplication of the plaintiff's money; it was made by a partner of the defendants' firm without their knowledge or participation either in the fraud or the proceeds. Their liability as trustees or attorneys results not from any act of theirs or of the plaintiff's, but from the application of the doctrine of equity which regards them as standing in that relation in order to give the plaintiff a remedy. From that doctrine and principle of equity, and not from any fraud or knowledge of fraud or misapplication, a contract liability to make restoration is implied. The statute runs from the date of the wrong which raised the implication where a trustee becomes so by implication or construction. It is actual fraud against which the statute does not run until it is discovered. The statute commences to run against constructive fraud as soon as the act or omission constituting it occurs. *Price* v. *Mulford,* 107 N. Y. 303; *Finnegan* v. *McGuffog,* 139 App. Div. 899; affd., 203 N. Y. 342. Under subdivision 5, section 382, of the Code of Civil Procedure "an action to procure a judgment, other than for a sum of money on the ground of fraud in a case which on the 31st day of December, 1846, was cognizable in the Court of Chancery, must be commenced within six years, but the cause of action in such a case is not deemed to have accrued until the discovery by the plaintiff or the person under whom he claims of the facts constituting the fraud." The plaintiff here did not have any knowledge, actual notice or information as to the various defalcations and misapplications of funds belonging to it by the guilty partner defendant prior to February 1, 1917. If the conceded fraud of the defendant guilty of the actual misapplications is imputable as a matter of law to each of the defendants,

this subdivision of section 382 would prevent the running of the Statute of Limitations until February 1, 1917, and bring all the transactions complained of within a proper time for the commencement of suit pursuant to law; but there is no claim that the defendants other than the guilty partner were actively or expressly instruments in the practice of any fraud in reference to the peculations and misappropriations committed against the plaintiff, and it would seem, therefore, that the provisions of section 382, subdivision 5, *supra,* which provide that the cause of action is not deemed to have accrued until the discovery of the facts constituting the fraud has no application to the claim made by the plaintiffs in this case, except in so far as it relates to their claim against the guilty partner. The partnership entity comprising all the partners who are owners of the partnership property holding *per my et per tout,* would if participating in the fraud, even to the extent of receiving an aliquot share of the misappropriated funds without knowledge of their fraudulent source, remain subject to the suspension of the statute until discovery by the person defrauded of the facts constituting the fraud to the full extent of the defalcation. But their liability as partners in the case of their innocence of actual wrongdoing when they are charged with knowledge which they can have only constructively and not actually and where the firm fund is not enriched at all by the peculations ends with the running of the statute from the time of the actual wrong. The action is concededly one in equity to procure a judgment on the ground of fraud. Such an action is included within this section because, although the words " other than for the sum of money " are contained in subdivision 5, it includes all cases in which equitable relief is required, although as part of the ultimate

Supreme Court, January, 1921.　　[Vol. 114.

relief a money judgment is also demanded. Each item of the account of which misappropriation is charged must be considered as of its own date, and in no view of either of these limiting statutes is any item shown to have been sued upon within six years of the time that it accrued against the innocent defendants.

Judgment for defendants.