THE MODEL BUILDING AND LOAN ASSOCIATION OF MOTT HAVEN, by GEORGE I. SKINNER, as Superintendent of Banks of the of State of New York, Appellant, *v*. ALFRED G. REEVES and Others, Respondents, Impleaded with HERBERT REEVES, Defendant.

First Department, April 21, 1922.

**Attorney and client — action by client against attorneys for accounting for moneys misappropriated by member of firm — partners jointly and severally liable — action properly brought in equity — limitation of actions — action commenced within one month after plaintiff acquired knowledge of fraud — statute did not commence to run until after knowledge by plaintiff — stipulation rendering accounting unnecessary did not change form of action — Code of Civil Procedure, § 382, subd. 5, applied.**

The members of a firm of attorneys are jointly and severally liable to a client for moneys of the client received and misappropriated by a member of the firm to his own use though they had no knowledge of the misappropriation.

Because of the fiduciary relation of an attorney and client, an action thus brought to recover moneys misappropriated by a member of a firm of attorneys is properly brought in equity for an accounting and payment of such sum as may be found due.

The action is based on fraud and did not accrue until the discovery by the plaintiff of the facts constituting the fraud which was about two years prior to the commencement of the action, and the Statute of Limitations did not commence to run until the plaintiff had knowledge of the facts.

The other members of the firm do not come under the rule that where both parties are ignorant of the fraud the statute runs, for while they are not guilty of the moral turpitude of the defaulting attorney, his act was the act of the partnership, and in the eyes of the law was the act of each member of the firm for which he was accountable to the client of the firm.

A stipulation entered into by the parties after the action was commenced which made it unnecessary to have an accounting in order to determine the amount of money due to the plaintiff did not change the cause of action from one in equity for an accounting based on fraud to one at law for a money judgment only, and, therefore, section 382, subdivision 5, of the Code of Civil Procedure, which provides, in effect, that in an action to procure a judgment, other than for a sum of money, on the ground of fraud, the cause of action does not accrue

until the discovery by the plaintiff of the facts constituting the fraud, was applicable.

Moreover, at the time the stipulation was entered into, said section had been amended so as to eliminate the phrase " other than for a sum of money," and, therefore, even though said stipulation changed the action from one in equity to one at law, the section as amended prevented the Statute of Limitations from becoming a bar.

Smith, J., dissents.

Appeal by the plaintiff, The Model Building and Loan Association of Mott Haven, from so much of a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 10th day of February, 1921, upon the decision of the court rendered after a trial at the New York Special Term, as dismisses the complaint herein as to the respondents.

*Phillips, Mahoney & Leibell* [*Jeremiah T. Mahoney* of counsel; *J. Archer Hodge* with him on the brief], for the appellant.

*O'Brien, Boardman, Parker & Fox* [*Herbert C. Smyth* of counsel; *Edwin W. Cady* with him on the brief], for the respondents Alfred G. Reeves and others.

*Harold Swain,* respondent, in person.

Page, J.:

The respondents and a defendant, who does not appeal and who hereafter will be designated as the defaulter, were copartners in the practice of the law, and had as their client the Model Building and Loan Association of Mott Haven, hereinafter denominated the association. The facts were for the most part stipulated, and from them it appears that the defaulter, while acting in his capacity as a member of the firm, appropriated and converted to his own use moneys that came into his possession in satisfaction of mortgages belonging to the association, in some instances depositing checks received payable to the order of the firm in its trust account and thereafter withdrawing the money from said account by means of checks signed in the name of the firm, he being authorized to sign such checks. In all of these transactions he was acting for the firm as attorneys for the association. It was stipulated that none of the respondents had any knowledge or notice of these transactions until after the defaulter ceased to be a member of the firm, and that none of the respondents had any connection with, knowledge of or participation in the fraud or its fruits. The learned justice before whom the case was tried, in his opinion stated that the respondents were liable for the frauds so committed on the ground " that the firm is bound for the fraud committed

by one partner in the course of the transactions and business of the partnership, even when the other partners have not the slightest connection with, knowledge of or participation in the fraud." (114 Misc. Rep. 137.)    This was a correct statement of the law applicable to the case.    (*Griswold* v. *Haven*, 25 N. Y. 595; *Chester* v. *Dickerson*, 54 id. 1; *Getty* v. *Devlin*, Id. 403, 413.)    The copartnership were the attorneys for the association, and the moneys were received by the defaulter as a member of the firm, and in the course of its business as such attorneys, and hence the partners were jointly and severally liable to the association for a proper accounting for such money.    The conversion thereof by the defaulter was made possible by the fact of his being one of the partnership and being allowed on their behalf to transact the business, and although the other partners were not participants in the frauds, as between the association and themselves, they are liable under the rule of law that where one of two innocent parties must sustain loss from the fraud of a third the loss falls on the one whose act has enabled such fraud to be committed.    The cases relied upon by the respondents are clearly distinguishable from the case under consideration.    No good purpose would be served in reviewing them in detail.

The learned trial justice in his decision held that the respondents were not liable to the plaintiff; while the acts of the defaulter were committed against the plaintiff, they were also committed in hostility to the firm and the other four members thereof.    The acts of the defaulting member of the firm were gross breaches of the requirement of the utmost good faith to his copartners, and constituted a grievous wrong.    But for this injury the copartners have their remedy against the defaulter, " but they cannot escape from the consequences that legally flow from the relation they assumed."    (*Matter of McGuinness*, 69 App. Div. 606, 608.)

The requirement of the utmost good faith on the part of one partner toward his copartners in transacting the partnership business or dealing with its property is, in part, based upon his power when acting within the scope of the partnership business to bind the others, without their knowledge.

The learned justice also held that the plaintiff's cause of action was barred by the Statute of Limitations.    It was stipulated that the plaintiff had no knowledge, actual notice or information as to the various defalcations and misapplications of funds by the defaulter or any of them prior to on or about February 1, 1917, and that this action was begun on March 1, 1919.

At the time that this action was commenced section 382 of the Code of Civil Procedure provided that certain actions must be brought within six years after the cause of action accrues.    Subdivision 5

provided: "An action to procure a judgment, other than for a sum of money, on the ground of fraud, in a case which, on the thirty-first day of December, 1846, was cognizable by the Court of Chancery. The cause of action, in such a case, is not deemed to have accrued, until the discovery, by the plaintiff, or the person under whom he claims, of the facts constituting the fraud."

This action because of the fiduciary relation of attorney and client was properly brought in equity for an accounting and payment of such sum as might be found due. The action was based upon fraud. The Court of Appeals has distinctly held that since the enactment of the above-quoted subdivision "an action in equity based on fraud, even where the jurisdiction in equity is only concurrent with that of law, may be brought at any time within six years after the discovery of the fraud. Nor does the fact that the ultimate relief sought is a money judgment take the case without the statutory provision." (*Lightfoot* v. *Davis,* 198 N. Y. 261, 270.)

The respondents claim that they come under the rule that where both parties are ignorant of the fraud the statute runs, and that they stand equal with the plaintiff as defrauded parties. While not guilty of the moral turpitude of the defaulter, his act within the course of the partnership business was the act of the partnership and in the eyes of the law was the act of each member of the firm for which he was accountable to the client of the firm.

The respondents further urge that, whatever the pleadings may allege or claim, the stipulation of the parties on which the case now rests shows that the plaintiff did not have a cause of action for an accounting, but only to recover a definite sum of money, claimed on account of the fraud of another person. The stipulation did not change the cause of action, but was made for the purpose of facilitating the trial, and the facts stipulated supported the cause alleged in the complaint. An accounting was rendered unnecessary, and a money judgment alone was rendered against the defaulter. because the facts that would have been disclosed on the accounting were stipulated. But even if we should adopt the respondents' theory that the recovery was for a money judgment upon a cause of action which was changed by stipulation from an action in equity to one at law, still the Statute of Limitations would not bar the claim. If the statute was not a bar before the stipulation, then the statute, as it read when the stipulation was entered into, would be applicable. The stipulation was dated December 20, 1920. By chapter 480 of the Laws of 1920, in effect September 1, 1920, subdivision 5 of section 382 was amended to read as follows: "Any action to procure a judgment on the ground of fraud. The cause of action, in such a case, is not deemed to have accrued, until the

discovery, by the plaintiff, or the person under whom he claims, of facts constituting the fraud."

The judgment, so far as appealed from, and findings inconsistent with this opinion should, therefore, be reversed, with costs, and judgment given against all the defendants jointly and severally for the amounts set forth in the fourth conclusion of law in the decision.

CLARKE, P. J., DOWLING and GREENBAUM, JJ., concur; SMITH, J., dissents on the opinion of McAVOY, J., at Special Term.

Judgment, so far as appealed from, reversed, with costs, and judgment ordered against all the defendants jointly and severally, as directed in opinion.    Settle order on notice.