AMERICAN BULB CO., INC., and Others, Plaintiffs, *v.* WILLIAM SPIWAK and Others, Defendants.

Supreme Court, Queens County, June 24, 1935.

*Maurice Rogen* [*Meyer Kreeger* of counsel], for the plaintiffs.

*Isidore Ginsberg,* for the defendants.

KADIEN, J.   The plaintiffs are creditors of the defendant William Spiwak.   They seek (1) money judgments on their respective claims; (2) to set aside an alleged fraudulent conveyance of an interest in real property made by the defendant William Spiwak to Poswil Realty Corporation made December 6, 1932; and (3) an accounting from the defendant Poswil Realty Corporation of the rents to which its grantor would have been entitled.

Plaintiffs are entitled to money judgments on their respective claims, for it was conceded on the trial that the same were due and unpaid.

The only issue to be determined is whether or not the conveyance in question was fraudulent as against the plaintiffs herein.

Plaintiffs made out a *prima facie* case. The weight of authority now supports the proposition that where the plaintiffs cannot show an actual fraudulent intent on the part of the defendant, a case is established by proof that a voluntary conveyance was made without any consideration and that when made the debtor grantor was indebted to the plaintiffs. (*Sabatino* v. *Cannizzaro*, 243 App. Div. 20; *Ga Nun* v. *Palmer*, 216 N. Y. 603.) It is no longer necessary that a creditor obtain judgment and have execution returned unsatisfied to enable him to maintain an action to annul an alleged fraudulent conveyance. (*Schaefer* v. *Fisher*, 137 Misc. 420.) The Debtor and Creditor Law (§ 270 *et seq.*) now places a creditor in the same position as a judgment creditor for the purpose of maintaining such an action.

The presumptive case established by plaintiffs required the defendant to show his good faith in the transfer. A fair consideration of the evidence shows that at the time of the transfer the defendant William Spiwak had assets of more than sufficient value to meet his then due obligations. He was not insolvent, nor did the making of such conveyance cause him to become insolvent.

An examination of the evidence fails to show any knowledge on the part of the defendant Spiwak that the subsequent Easter market would bring unnecessarily low prices for the sale of his merchandise. Had normal prices prevailed at that time apparently all of his creditors would have been paid.

In my opinion the inference of law in favor of plaintiffs in this case has been satisfactorily repelled.

Judgments are granted against the defendant William Spiwak as follows:

1. American Bulb Company, Inc., for the sum of $120, together with interest from the 26th day of August, 1932.

2. Roman J. Irwin, Inc., for the sum of $600, together with interest thereon from the 25th day of February, 1933.

3. Sigmund Kahn, for the sum of $250, together with interest thereon from the 25th day of August, 1932.

4. Vaughan's Seed Store, Inc., for the sum of $143.38, together with interest thereon from the 1st day of December, 1932.

Complaint dismissed as to all other causes of action and in all other respects. Submit findings of fact and conclusions of law.