■ CHARLES BUDD CORPORATION, Respondent, v. CALNAIL, INC., Appellant.— Order, entered March 25, 1960, denying defendant's motion to vacate the warrant of attachment dated December 9, 1959, unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs, upon the ground that the summons was not served within the time prescribed by the statute. Although this ground is not set forth in the notice of motion, it does appear in the papers on appeal by virtue of having been asserted in the reply affidavit. Order, entered May 31, 1960, denying defendant's motion to vacate the warrant of attachment dated April 5, 1960, unanimously affirmed, with $20 costs and disbursements to the respondent. Concur — Botein, P. J., Rabin, Stevens and Eager, JJ.

■ LOUIS ARONSON, Appellant, v. MAY FASOLO, Respondent.— Order, entered April 8, 1960, as denies plaintiff's motion for an open commission to examine William A. Fasolo, a nonresident, as a witness unanimously reversed, on the law, on the facts and in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion for issuance of an open commission in New Jersey to examine William A. Fasolo as a witness is granted, with $10 costs. In this action to recover brokerage commissions, jurisdiction of the defendant, May Fasolo, was obtained by service outside the State after a warrant of attachment had issued. However, the plaintiff was unable to obtain jurisdiction or serve the other named defendant, William A. Fasolo, who resides in New Jersey and is the son of May Fasolo. Therefore, the plaintiff obtained an order discontinuing the action against him. The application before us now seeks to examine the said William A. Fasolo as a. witness to determine whether the acts of the defendant alleged in the complaint were in fact done by him acting as his mother's agent. The specific denial by the defendant of the critical issue of any authorization to William A. Fasolo, the letters from the said Fasolo, the nature of the action, and circumstances of the case as revealed by the record, establish that the information sought is material and necessary, and that such special circumstances exist as warrant granting of the relief sought pursuant to article 29 of the Civil Practice Act. Settle order on notice. Concur — Botein, P. J., Rabin, Stevens and Eager, JJ.

■ BEOL, INC., in Behalf of Itself and Other Judgment Creditors Similarly Situated, Respondent, v. HERMAN S. DORF et al., Appellants, et al., Defendants.— Judgment and order unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Rabin, Valente, McNally and Eager, JJ.

■ KATHLEEN REECE, Respondent, v. BRONX POST 95 WAR VETERANS MEMORIAL ASSOCIATION, INC., Appellant.— Judgment unanimously reversed, on the law and on the facts, on the ground of the excessiveness of the recovery, and a new trial ordered, with costs to the appellant, unless the plaintiff stipulates to reduce the verdict to the sum of $23,000 in which event the judgment, as so modified, is affirmed, without costs. Settle order on notice. Concur — Botein, P. J., Rabin, Valente, McNally and Eager, JJ.