■ FLORIAN YANDEL, JR., Appellant, v LOEB & TROPER, Respondents. — Order, Supreme Court, New York County (Freedman, J.), entered November 24, 1980, granting the branches of the motion to dismiss the second and third causes but denying the branch to dismiss the first cause, unanimously affirmed, with costs. The defendant firm acted as the plaintiff's accountant for over a decade. In the second cause of action, plaintiff alleges that the cost reports submitted to Blue Cross were improperly, defectively and carelessly prepared by the defendant for the years 1972 through 1976. The plaintiff alleges that the defendant, its accountant, should have included costs in those reports for New York State unincorporated business taxes and sales taxes. Parenthetically, it should be noted that plaintiff sought damages in his first cause for the defendant's failure to prepare unincorporated business and sales tax returns. Special Term denied the branch of the motion to dismiss the first cause because a factual question was presented as to whether the defendant had continued to represent him before the Department of Taxation and Finance. That portion of Special Term's order is not before us on this appeal. A partner in the defendant firm has submitted an affidavit stating that the work on the cost reports, filed with Blue Cross in November, 1976, had been completed in October of 1976. Thus, the defendant made a prima facie showing that the second cause was untimely. It was then incumbent upon the plaintiff to show that the cause was timely. (*Doyon v Bascom,* 38 AD2d 645.) The plaintiff's affidavit, his attorney's affirmation and the supporting documentation tend to establish the defendant's continuing representation with regard to the first cause. However, this evidence does not show that the defendant performed any accounting services after October of 1976 with relation to the second cause. Since this action was commenced on or about December 13, 1979, the second cause is time barred under the three-year statute governing accounting malpractice (CPLR 214, subd 6). In the third cause, plaintiff alleges that in 1976 or 1977 the defendant, while in the process of winding up the plaintiff's affairs, failed to turn over a check of $41,000 due to him. The plaintiff further alleges the defendant breached its fiduciary duty by turning the check over to a successor hospital. Defendant maintains that this cause is also governed by the three-year statute for malpractice; the plaintiff contends that a six-year statute controls for the defendant's breach of its fiduciary duty. If we were only to consider the averments in the complaint in their most favorable light, the third cause could be sustained under a six-year statute on the theories that the plaintiff is entitled to an accounting for the defendant's misdirection of the check (CPLR 213, subd 1) or that the plaintiff was defrauded by his fiduciary (CPLR 213, subd 8) (cf. *Model Bldg. & Loan Assn. of Mott Haven v Reeves,* 201 App Div 329). However, defendant's partner denies that his firm ever came into possession of any checks payable to plaintiff's hospital, Ramapo, or the successor hospital, Community. Again, the defendant established its prima facie case to dismiss the third cause. The plaintiff, on the other hand, gives absolutely no details as to the misdirection of the check. In the absence of any proof to show there may be some viability to his claim that a six-year statute governs, we shall employ the three-year statute for malpractice and dismiss the third cause. Concur — Murphy, P. J., Kupferman, Sullivan, Carro and Lupiano, JJ.