■ LELAND CHILDS, Respondent, v ANTHONY S. BRANDON et al., Appellants. — Order unanimously reversed, with costs, defendants' cross motion for summary judgment granted and amended complaint dismissed. Memorandum: In September, 1978, plaintiff recovered a judgment in Alabama against the Brandon-Robison Broadcasting Corp., a Delaware corporation. He alleges in his amended complaint that while the action was pending and before judgment was entered the corporation sold all its assets to the Mel Allen Broadcasting Company, and thereafter dissolved and distributed its assets to defendants, shareholders and officers of the corporation. In September, 1980 he commenced this action against them in New York, but the complaint was dismissed with leave to file an amended complaint after plaintiff had satisfied the requirements of the Delaware law that he first obtain an unsatisfied judgment against the corporation in Delaware. He did so in March of 1981 and defendant has now moved for summary judgment, alleging the Alabama one-year Statute of Limitations. The cause of action accrued in Alabama when the corporate assets were distributed or certainly at the latest in September, 1978 when judgment was entered against the insolvent corporation. The nature of the action is not contract, as plaintiff contends, since there was no contractual relationship between plaintiff and defendants, but constructive fraud (see Debtor and Creditor Law, §§ 273, 276; *Union Nat. Bank v Russo*, 64 AD2d 759; *Beol, Inc. v Dorf*, 22 Misc 2d 798, affd 12 AD2d 459, app dsmd 9 NY2d 963). Under

Alabama law, the period of limitations for such actions is one year (Code of Alabama, § 6-2-39), whereas the New York Statute of Limitations for constructive fraud is six years (CPLR 213, subd 1) and runs from the commission of the wrong (see *Bey Constr. Co. v Yablonski,* 76 AD2d 875; McLaughlin, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1981-1982 Pocket Part, CPLR 213, pp 92-93). Accordingly, under New York law (CPLR 202), the shorter one-year statute of Alabama must be applied. Plaintiff correctly contends that he could not maintain the action until the precondition of obtaining an unsatisfied Delaware judgment was met (see *Titus v Booker,* 244 NY 421). However, he controlled the time of that proceeding and he cannot extend the Statute of Limitations by failing to proceed promptly after dissolution of the corporation (see *State of New York v City of Binghamton,* 72 AD2d 870). Plaintiff also contends (apparently on this appeal for the first time) that the statute has been tolled. There is no evidence in the record, however, to establish that that is so or to raise an issue of fact (see *Yandel v Loeb & Troper,* 84 AD2d 710; *Doyon v Bascom,* 38 AD2d 645). Nor is there any evidence to suggest that an exception to the Alabama statute exists. Conversely, defendants' pleadings, though limited, were sufficient to frame the issue and warrant summary judgment (see *Immediate v St. John's Queens Hosp.,* 48 NY2d 671). (Appeal from order of Supreme Court, Monroe County, Patlow, J. — summary judgment.) Present — Dillon, P. J., Simons, Hancock, Jr., Denman and Moule, JJ.