*751 OPINION OF THE COURT
John R. LaCava, J.
This is an action pursuant to article 10 of the Debtor and Creditor Law. Plaintiff seeks a money judgment against defendants, Florence Zweibach and CMG Holding Corp., or in the alternative an order permitting plaintiff to levy and execute on a mortgage running from CMG Holding Corp. to Florence Zweibach to satisfy a preexisting judgment in favor of plaintiff and against defendant Mitlin Equities Corp. and Martin En-gel.
In September 1982, plaintiff commenced an action against Mitlin Equities Corp. (Mitlin) and Martin Engel in County Court, Westchester County, for commissions allegedly owed in the amount of $6,410.30.
On March 23, 1984, and during the pendency of that action, Mitlin conveyed its sole asset, certain real property located in the City of Mount Vernon, to CMG Holding Corp. (CMG). As part of the purchase price, CMG executed a purchase-money mortgage in the amount of $40,000 to Florence Zweibach Engel (Zweibach), the sole shareholder of Mitlin.
Mitlin received no consideration from Zweibach, nor was there any antecedent debt owed by Mitlin to Zweibach. The net effect of this transfer is the subject of the present action.
Mitlin was dissolved shortly thereafter.
On June 14, 1984, the County Court action was discontinued without prejudice. On June 26, 1984, a new action was commenced against the same two defendants in Supreme Court, Westchester County. On May 16, 1985, a default judgment was entered against Mitlin and Martin Engel in the sum of $8,682.72.
On July 16, 1985, and apparently after learning of the prior conveyance and dissolution, plaintiff commenced this action in Supreme Court, Westchester County. Upon order of the Hon. Lucille Polk Buell, entered September 9, 1986, this action was transferred to the Yonkers City Court.
This court is without authority to review the propriety of the prior judgment or the amount thereof. The sole question is whether the conveyance of real property from defendant Zweibach to defendant CMG was in derogation of plaintiff’s rights and therefore fraudulent within the meaning of Debtor and Creditor Law § 270 et seq.
In brief, it is alleged by plaintiff that upon the sale of *752 Mitlin’s property to CMG, Florence Zweibach, the principal stockholder in Mitlin, was named mortgagee without consideration. As a result of such transfer, plaintiff alleges that Mitlin was rendered insolvent.
At trial, plaintiff called defendant Zweibach as a hostile witness. Zweibach testified, inter alia, that she was the sole shareholder of Mitlin, that she never lent any money to Mitlin and that after the conveyance of real property, Mitlin had no assets and was dissolved.
Debtor and Creditor Law § 273 provides that "[ejvery conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.”
"Conveyance” includes the transfer of real property in exchange for a mortgage (Debtor and Creditor Law § 270). "Person” includes a corporation (Doehler v Real Estate Bd. of N. Y. Bldg. Co., 150 Misc 733). "Insolvency” occurs when the present fair salable value of assets is less than the amount that will be required to pay probable liability on existing debts as they become absolute and matured (Debtor and Creditor Law § 271). "Debt” includes any legal liability, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent (Debtor and Creditor Law § 270). A "creditor” is a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent (Debtor and Creditor Law § 270). "Fair consideration” must be determined upon the facts and circumstances of each particular case (Halsey v Winant, 258 NY 512).
The defendants contend that the conveyance was made for fair consideration, that the debtor was not rendered insolvent by such conveyance and that in any event no debt existed at the time of conveyance because plaintiff’s discontinuance of the County Court action estopped the plaintiff from asserting its claim and thereby "gave life” to the prior conveyance. The court does not agree with any of these contentions.
Although a reasonable consideration was paid for the conveyance, it was paid to the sole stockholder not to the corporate owner of the realty and said payment was not made to release any antecedent debt owed to the shareholder by the corporation. Thus, under the particular facts of this case, the corporation received no consideration for the transfer. The *753 conveyance of the sole corporate asset where the consideration flowed directly to the stockholder was essentially an illegal distribution of such assets in derogation of the priority claims of corporate creditors.
A conveyance of real property by a debtor is fraudulent where the transfer amounts to a preferential transfer in derogation of a creditor’s rights because it lacks the indispensable element of good faith (Sullivan & Sons v Superior Dry Wall Sys. Corp., 109 AD2d 836).
Defendant Zweibach argues in her posttrial brief that some of the consideration received upon the conveyance was deposited in the corporate account. However, defendant Zweibach testified at trial that no corporate assets remained after the conveyance and no further evidence was adduced to support defendant’s allegation. Where a creditor makes out a presumptive case the debtor is required to establish his good faith in making the conveyance (American Bulb Co. v Spiwak, 156 Misc 614, revd on other grounds 248 App Div 753, mot to resettle order denied 248 App Div 890, affd 275 NY 477).
Furthermore, a voluntary dissolution of a corporation by its officers and directors without compliance with applicable provisions of the Stock Corporation Law and without the equal distribution of assets to creditors constitutes fraud, as a matter of law, on the part of those corporate officers (Beol, Inc. v Dorf 22 Misc 2d 798, affd 12 AD2d 459, rearg or lv denied 12 AD2d 616, appeal dismissed 9 NY2d 963).
Thus, the transfer of the sole corporate asset coupled with the voluntary dissolution of the corporation rendered the corporate defendant insolvent.
The discontinuance without prejudice of the County Court action did not estop plaintiff from reasserting its claim for the debt owed. The discontinuance was without prejudice, a new action was promptly commenced and a judgment was entered. Debtor and Creditor Law § 278 does not require that a debt be reduced to a judgment prior to it being recognized as a debt. Clearly, the debt was the subject of litigation at the time of the conveyance and thereby constituted a contingent legal liability. Defendant’s acts in conveying the property and dissolving the corporate defendant without giving notice to its creditors was a blatant attempt to deprive the plaintiff of a source of collection which will not be tolerated by this court.
Two additional facts are significant to the ultimate resolution of this matter. First, there was no evidence that defen *754 dant CMG had any knowledge at the time of the conveyance of the plaintiff’s claim. Second, it appears that during the pendency of this action, and without notice to the court, defendant Zweibach sold her interest in the mortgage she received from CMG to a person not a party to this action.
These facts preclude this court from rendering any judgment against CMG and further persuade the court that it is inappropriate to order CMG to make payments to plaintiff. Such payments, if ordered would only serve to put CMG in default of the mortgage obligations to the assignee and the facts indicate that neither CMG nor the assignee committed or participated in any wrongdoing. Furthermore, the facts demonstrate that plaintiff already has a judgment against Mitlin and, therefore, a further judgment against Mitlin is-inappropriate and otherwise meaningless in light of the prior dissolution of said corporation.
The fraudulent conveyance was orchestrated by and inured to the sole benefit of defendant Zweibach and she alone must bear the ultimate responsibility.
Therefore, and in accordance with the above, judgment is entered against defendant Zweibach in the amount of $8,682.72, plus costs and interest from May 16, 1985.
Judgment is entered for the defendant CMG Holding Corp. dismissing the complaint.