pendent upon his lien. I think the satisfaction piece should be vacated to the extent of the attorney's lien, so as to enable him to enforce the judgment against the defendant to the extent indicated. No costs of motion.

Ordered accordingly.

(30 Misc. Rep. 219.)

STANDARD NAT. BANK et al. v. NATIONAL SILK LABEL CO. et al.

(Supreme Court, Special Term, New York County. January, 1900.)

CORPORATIONS—INSOLVENCY—CREDITORS—ASSIGNMENT—PREFERENCE.

    A firm owned and controlled a corporation, and, both being insolvent, took an assignment of the corporation property, the consideration being the assumption of its debts. On the following day the firm made an assignment, which was set aside. Subsequently defendant obtained judgment against the firm, and sold the property on execution. At the same time defendant was a creditor of the corporation, reducing their claim to judgment later. Plaintiffs were judgment creditors of the corporation at the time of such execution sale. *Held* that, since the assignment by the corporation to the firm was void, all the moneys and other property of the corporation in the hands of the defendant as execution creditor of the firm should be applied to the equal, ratable payment of all the obligations of the corporation.

Action by the Standard National Bank and another against the National Silk Label Company and others to impress an equitable lien on the property of a judgment debtor, the proceeds of which are in the defendants' hands. Judgment for plaintiffs.

Philip Carpenter, William B. Putney, and Henry D. Twombly, for plaintiffs.

Adams & Adams, for defendant Garfield Nat. Bank.

RUSSELL, J. When a corporation becomes insolvent, or ceases to do business, its property is charged with a trust for the benefit of its creditors, in order that their claims may be equally or ratably satisfied before it passes to stockholders, and any preference to one creditor or deviation from the application of that property to the just payment of debts may be set aside. Bartlett v. Drew, 57 N. Y. 587; Hastings v. Drew, 76 N. Y. 9; Cole v. Iron Co., 133 N. Y. 164, 30 N. E. 847; 2 Story, Eq. Jur. § 1252; Dill, N. J. Corp. 64; N. Y. Stock Corp. Law, § 48. And while the courts will always protect the rights of bona fide purchasers of property who have parted with value for that which they receive, they will not regard the claim of a creditor, honest though it may be, as giving to that creditor the standing of a bona fide purchaser, in order that he may obtain a preference destructive of the equitable rule for equal division of the property of a corporation among all its creditors. Lodi Chemical Co. v. National Lead Co., 41 App. Div. 535, 58 N. Y. Supp. 717; Bank v. Young, 15 App. Div. 109, 44 N. Y. Supp. 297; Maass v. Falk, 146 N. Y. 40, 40 N. E. 504, per Gray, J. The rule that a debtor may honestly prefer a creditor does not apply to the obligations of a corporation. The right of a natural person to so act is one thing; the power of a corporation to discriminate is forbidden. The plaintiff banks, in April, 1896,

were creditors of the National Silk Label Company, a New Jersey corporation. The Standard Bank recovered judgment August 25, 1896, for $4,802.79. The National Broadway Bank recovered judgments July 27 and August 18, 1896, for $4,672.44. Executions were issued and returned unsatisfied on these judgments, and this action brought to impress an equitable lien upon the property of the judgment debtor, the proceeds of a large part of which they claim are now in the hands of the defendant the Garfield National Bank. The defendants Jane and William McFarlane composed the firm of William McFarlane & Co. Their business was to split and twist raw silk, and spin it for warps and filling. They organized and owned the National Silk Label Company to facilitate their firm business. On the 25th of April, 1896, that corporation and the firm of McFarlane & Co. were insolvent. On that day the firm took an assignment from the company of the property of the company, the only consideration of which was the assumption by the firm of the debts of the company On the 27th of April, 1896, the firm made an assignment to Britton Richardson for the benefit of creditors. That assignment was set aside afterwards at the instance of the plaintiff the National Broadway Bank. The Garfield National Bank, defendant, recovered judgment on a claim against William McFarlane & Co. on the 29th of July, 1896, for $14,759.95. On the 29th of September, 1896, the goods were sold upon an execution on said judgment, and $12,875 paid over to the Garfield National Bank. This claim of the Garfield Bank antedated the 25th of April, 1896, and at the same time the Garfield Bank was a creditor of the National Silk Label Company to the amount of $9,336.34, on which claim it recovered judgment December 8, 1896, and execution was issued, and returned unsatisfied. The plaintiff banks now claim that this action, begun November 6, 1896, impressed an equitable lien upon all the property of the National Silk Label Company which they had the right to reach; that the transfer on the 25th of April, 1896, by the National Silk Label Company to William McFarlane & Co. was void; that the assignment to Richardson, assignee, was also void, and that by the execution and sale for the Garfield Bank against William McFarlane & Co. the property of the National Silk Label Company, which they had the right to follow, became dissipated, and its form changed into moneys, now unjustly held by the Garfield Bank; that the proceedings of the Garfield Bank against William McFarlane & Co. afford no justification or protection to the Garfield Bank, as they were virtually wrongdoers in interfering by such process with the property of the National Silk Label Company; and that the plaintiff banks, being diligent creditors, have by this action obtained a prior lien upon either the moneys in the hands of the Garfield Bank, or the value of the goods sold by the Garfield Bank, for which the Garfield Bank should respond to an amount sufficient to pay the judgments of the plaintiffs, with costs of this action.

We may assume that the transfer to William McFarlane & Co. on the 25th of April, 1896, and the assignment to Richardson, assignee, by William McFarlane & Co., on the 27th of April, 1896, were void as to the creditors of the silk company. The creditors of that cor-

poration, therefore, had the right, by proper application to the courts, to have the property of the silk company go to the equal payment of its debts. Proceedings then begun, either by the plaintiffs or by the Garfield Bank, would have resulted in such a division among all the creditors. Neither of the parties to this action could, by diligence, obtain a preference, whether their procedure was by judgment, execution, levy and sale, or by the commencement of an equitable action in the nature of a creditors' bill to impress a preferential lien. Therefore, as an effort to gain a preference, this action is not maintainable, nor was the execution sale of the Garfield Bank so far effective as to destroy the trust impressed upon the property of the National Silk Label Company, whatever might be its effect to protect the Garfield Bank in its innocent effort to convert the property, apparently belonging to William McFarlane & Co., into money, wherewith to pay its claims against that firm. The action of the Garfield Bank was not technically a tort, there being no owner, apparently, aside from William McFarlane & Co., and the claim of the creditors of the National Silk Label Company, as against the property, being merely the equitable right to its dedication for the payment of the obligations of that corporation. Yet this action is based upon the equitable power of the plaintiff banks to follow the proceeds of the property of the National Silk Label Company in the only effective way possible, so that relief may be given upon the facts to an equitable extent, while the court denies a preferential or exclusive remedy. The Garfield Bank is also a creditor of the silk company, with legal remedies exhausted. It has innocently proceeded to enforce its rights against William McFarlane & Co., and, if it loses the benefit derived from its prompt action against that firm purely through the force of hidden equities in favor of all the creditors of the silk company, it should stand with its original equities unimpaired. I therefore conclude that the moneys in the hands of the Garfield Bank, and all other property of the National Silk Company which may be reached within the jurisdiction of this court, should be applied to the equal, ratable payment of the obligations of the National Silk Company, and that a reference must be awarded to report the amount applicable to the payment of the creditors of the silk company, and the amount of the claims of those creditors, including all the parties to this action, and not excluding the Garfield Bank, in addition to its demand against the silk company, from proof that the claim against William McFarlane & Co. is also in whole or in part against the National Silk Label Company, if the fact be so. If counsel can agree upon these details, no reference may be necessary. The determination as to costs will be reserved for the final judgment in case an interlocutory judgment becomes essential.

Ordered accordingly.