### MURPHY v. HIRSCHMAN et al.

(Supreme Court, Appellate Division, Second Department. May 28, 1915.)

PARTITION ⬅100—PROPERTY TO BE SOLD—AWARD IN CONDEMNATION PROCEEDINGS—"PERSONAL PROPERTY."

Where a portion of land sought to be partitioned was taken in condemnation, and an appeal taken from the award made, a judgment for sale of the property, pending the appeal, including the award, is unauthorized, as an award is personal property, in view of title 4, c. 17, Greater New York Charter (Laws 1901, c. 466) and Code Civ. Proc. §§ 1532–1546, authorizes a partition sale of real property only.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 329–335; Dec. Dig. ⬅100.

For other definitions, see Words and Phrases, First and Second Series, Personal Property.]

Appeal from Special Term, Queens County.

Suit for partition by Charles T. Murphy against Stuard Hirschman and others. From an order denying a motion to resettle the judgment, the defendant named appeals. Reversed, and motion granted.

See, also, 152 N. Y. Supp. 1130.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and PUTNAM, JJ.

A. S. Gilbert, of New York City (Francis Gilbert, of New York City, on the brief), for appellant.

Samuel Bitterman, of New York City, for respondent.

STAPLETON, J. The action is for the partition of real property. When the action was commenced, the plaintiff and the defendant Hirschman held the premises described in the complaint as tenants in common, each being vested with an undivided one-half interest. Pending the suit, the fee in the property, for its entire front-

age and for 15 feet of its depth, vested in the city of New York. The parcel taken was acquired in invitum for street purposes. The money awarded was less in amount than the sum secured by mortgages which were liens upon the entire plot described in the complaint. An appeal was taken from the order confirming the report of the commissioners of estimate appointed in the condemnation proceeding. That appeal remains undetermined. These facts existed when the plaintiff moved for an interlocutory judgment in the action for partition. The judgment entered directed the sale of the property described in the complaint, excepting the parcel acquired by the city. It contained a provision directing the referee to include the award in the sale. The judgment was entered without notice to the defendant Hirschman, notwithstanding his appearance in the action and his demand of service of notice of proceedings. Hirschman then moved to resettle the interlocutory judgment. His purpose was to have the direction for the sale of the award eliminated. The motion was denied. It is from the order denying the motion that this appeal is taken.

It is our opinion that the order should be reversed. The sale authorized by law is the sale of real property. Sections 1532–1546, Code of Civil Procedure; Underwood v. Curtis, 127 N. Y. 523, 543, 28 N. E. 585; Sandiford v. Town of Hempstead, 97 App. Div. 163, 172, 90 N. Y. Supp. 76. The award is personal property, into which the real property taken has been converted by operation of law. It represents the aggregate value of all the estates and interests in the real property acquired, and any person interested may obtain a judicial allotment of his proportionate share and recover the amount thereof. Title 4, c. 17, Greater New York Charter; In Matter of Opening Eleventh Avenue, 81 N. Y. 436, 443, 453; Matter of City of Rochester, 136 N. Y. 83, 32 N. E. 702, 19 L. R. A. 161; Gates v. De La Mare, 142 N. Y. 307, 312, 37 N. E. 121; Youngs v. Stoddard, 27 App. Div. 162, 50 N. Y. Supp. 475; Hill v. Wine, 35 App. Div. 520, 54 N. Y. Supp. 892; Farmers' L. & T. Co. v. Westchester County W. W. Co., 143 App. Div. 78, 127 N. Y. Supp. 569, affirmed 206 N. Y. 711, 99 N. E. 1107.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. Settle order before STAPLETON, J. All concur, except CARR, J., not voting.