ANTONIO EMMI, Plaintiff, *v.* SAMUEL PATANE and Others, Defendants.

Supreme Court, Onondaga County, March 2, 1927.

Fraudulent conveyances — action to set aside deed on ground it was given in fraud of creditors — conveyance set aside in absence of evidence showing defendants' grantee had no knowledge of fraud and that transfer was for fair consideration — Debtor and Creditor Law, §§ 273, 276 and 278, applied.

A conveyance of certain real estate by the defendants to a third party for a consideration of "$1.00," three days prior to the rendition of a judgment in plaintiff's favor against the defendants, upon which judgment an execution has been returned wholly unsatisfied, must be set aside, under sections 273, 276 and 278 of the Debtor and Creditor Law, as being made with intent to defraud the plaintiff, in the absence of evidence showing that the transfer was made for a fair consideration and without knowledge by the grantee of the fraud at the time of the purchase.

If the grantee would avoid the consequence of defendants' fraud and place himself in a position to claim the benefits or relief provided for in section 278 of the Debtor and Creditor Law, he should allege and prove that he is a purchaser for a fair consideration, without knowledge of the fraud.

ACTION to set aside a deed on the ground that it was given to defraud creditors.

*Hayden & Setright* [*T. W. Southwick* of counsel], for the plaintiff.

*R. R. Calli,* for the defendant Samuel Patane.

*Levy & Shulman,* for the defendants Barone.

SMITH, J. On the 1st day of May, 1926, the plaintiff recovered a judgment against the defendants Barone for the sum of $939.06,

which judgment was duly entered in the office of the county clerk of Onondaga county May 1, 1926, on which day an execution was duly issued and delivered to the sheriff of Onondaga county, in which county said defendants resided, and was, prior to the commencement of this action, returned wholly unsatisfied. The cause of action in which the judgment was obtained had accrued some time prior to April 28, 1926. The said defendants Barone were, prior to said 28th day of April, 1926, the owners of certain real estate described in the complaint, which, by deed dated on that day, acknowledged on the 29th day of April, 1926, and recorded on the 29th day of April, 1926, in Onondaga county clerk's office, in book 567 of Deeds at page 66, they conveyed to one Salvatore Patane, Jr., of Canastota, N. Y. (Said Salvatore Patane, Jr., is the same person named in the summons and complaint herein as Samuel Patane.) The deed is a warranty deed, given for a consideration of " one dollar," and the premises were conveyed *subject* to a mortgage held by Alexander T. Henry, upon which there was due the sum of $8,000 with interest thereon from May 1, 1926, and also subject to a mortgage held by Reuben B. Bernstein and Morris Bernstein, upon which there was due the sum of $1,400 with interest from February 1, 1926. The grantee did not assume or agree to pay either of said mortgages. The defendant Samuel Patane is the nephew of the defendants Barone. None of the parties defendant was sworn.

So far as the defendants Barone are concerned, there is no question but that this conveyance was made with the intent to hinder, delay and defraud the plaintiff herein. The plaintiff had been pressing his claim to judgment by action brought in a Municipal Court some time prior to April 28, 1926. The defendants Barone were insolvent at the time, or in any event this conveyance to Patane made them insolvent. The only question here for consideration is whether or not the conveyance was taken by the defendant Patane without knowledge of the grantors' fraud and for a fair consideration.

Prior to April 1, 1925, the Real Property Law provided as follows:

" § 263. A conveyance  *  *  *  of an estate,  *  °  *  *  in real property,  *  *  *, made with the intent to hinder, delay or defraud creditors, or other persons, of their lawful suits,  *  *  * is void as against every person so hindered, delayed or defrauded."

By chapter 254 of the Laws of 1925 this section of the Real Property Law was repealed, and the following provisions were enacted in article 10 of the Debtor and Creditor Law:

" § 273. Every conveyance made  *  *  *  by a person who

is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made * * * without a fair consideration."

" § 276. Every conveyance made * * * with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

" § 278. 1. Where a conveyance * * * is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser,

" a. Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or

" b. Disregard the conveyance and attach or levy execution upon the property conveyed.

" 2. A purchaser who without actual fraudulent intent has given less than a fair consideration for the conveyance * * *, may retain the property * * * as security for repayment."

Why section 265 of the Real Property Law, which provides that the question of fraudulent intent in a case arising under article 8 thereof is a question of fact and not of law, and section 266, which provides to the effect that said article does not in any manner affect or impair the title of a purchaser for a valuable consideration unless it appears that he had previous notice of the fraudulent intent of his immediate grantor, were not specifically repealed, in view of the fact that the provisions of the Real Property Law as to fraudulent conveyances contained in sections 262, 263 and 264 thereof were specifically repealed, is not clear; but it is clear that chapter 254 of the Laws of 1925, now known as article 10 of the Debtor and Creditor Law, was intended to make a new statement of and to revise the law in respect of fraudulent conveyances, and, being the last declaration of legislative intent, it is controlling.

This action is brought to have the conveyance set aside. It is apparent that the words " or obligation annulled to the extent necessary to satisfy his claim," contained in paragraph a of subdivision 1 of section 278 of the Debtor and Creditor Law, refer to a fraudulent obligation created, and not to a conveyance of real estate; so that, as applicable to the instant case, the law is that where a conveyance is fraudulent as to a creditor, such creditor may, as against any person excepting a purchaser for a fair consideration without knowledge of the fraud at the time of the purchase, have the conveyance set aside.

I have already found that the grantors in the deed involved herein made the conveyance with intent to defraud the plaintiff creditor. So far as the evidence shows, the defendant Patane paid but a nominal consideration for this transfer Under the circumstances, and under the state of the law, if he would protect himself he owed a duty fully to inform the court as to the consideration paid beyond a nominal consideration, if any; a nominal consideration was not, under the evidence, " a fair consideration." (*Hyde* v. *Wolf*, 31 App. Div 125.) He was not sworn and offered no evidence from which it could be found that he paid more than a nominal consideration for this property, and, therefore, the case comes squarely within the provisions of both sections 273 and 276 of the Debtor and Creditor Law; the defendant grantee, having failed to show that the conveyance was made for a fair consideration, and without knowledge on his part of the fraud at the time of the purchase, has not placed himself in a position where he can claim any of the benefits or relief provided for in said section 278 of the Debtor and Creditor Law. If the grantee would avoid the consequences of his grantor's fraud, where a conveyance was for a nominal consideration, he owed a duty, under the provisions of the Debtor and Creditor Law, to allege and prove that he was a purchaser for a fair consideration without knowledge of the fraud at the time of the purchase. If evidence had been offered, the questions of knowledge of the fraud and as to fair consideration on the part of the grantee would of course be questions of fact to be determined.

The effect of article 10 of the Debtor and Creditor Law is to place the burden upon a grantee of a fraudulent grantor, where on the face of the instrument the consideration is a nominal one, to show that so far as he was concerned the conveyance was for a fair consideration and without knowledge of the grantor's fraud; in the absence of such showing, under such circumstances, the fraud of the grantor permeates the whole transaction and makes void the deed, as against creditors, and it should be set aside.

The plaintiff is entitled to judgment setting the conveyance aside. There appears to be no occasion for the appointment of a receiver.

Judgment accordingly, with costs to the plaintiff as against the defendants Barone.