THERESA BERLENBACH, Plaintiff, *v.* ELEANOR M. BISCHOFF and Others, Defendants.

Supreme Court, Kings County, January 7, 1930.

*William A. Bacher*, for the plaintiff.

*Thomas F. Magner* [*Daniel G. Connolly* of counsel], for the defendants.

CROPSEY, J. The judgment debtor's conveyance to her daughter and the judgment obtained by the debtor's son-in-law (husband of the daughter referred to) against her upon her confession are attacked. The court finds there was no consideration for the note upon which the judgment is based and that the judgment is fraudulent and was confessed to defeat the claim of the plaintiff. The conveyance had a consideration, an antecedent indebtedness, but it was made for the purpose of defeating plaintiff's claim. This finding is required by the evidence. The legal question then is whether the conveyance is valid or is good only as security for the amount of the antecedent debt, or should be set aside as fraudulent. The general subject of fraudulent conveyances is now dealt with mainly in the Debtor and Creditor Law, though there still are provisions relating to it in the Real Property Law (See §§ 265, 266 *et seq.*) By the terms of the Debtor and Creditor Law every conveyance by a person who is insolvent or which renders him insolvent is fraudulent as to creditors without regard to his actual intent if made " without a fair consideration " (Debtor and Creditor Law, § 273, as added by Laws of 1925, chap. 254). " Fair consideration " is deemed to be given when in exchange for the property " as a fair equivalent therefor and in good faith, property

is conveyed or an antecedent debt is satisfied," or when the property " is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property * * * obtained " (Debtor and Creditor Law, § 272, as added by Laws of 1925, chap. 254). Every conveyance made " with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors, is fraudulent as to both present and future creditors " (Debtor and Creditor Law, § 276, as added by Laws of 1925, chap. 254). A fraudulent conveyance may be set aside by a creditor whose claim has matured as against any person " except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase " or one deriving title through him, but a purchaser who " without actual fraudulent intent has given less than a fair consideration for the conveyance " may retain the property as security for repayment (Debtor and Creditor Law, § 278, as added by Laws of 1925, chap. 254). As heretofore has been pointed out, there is a conflict in statement between the provisions of the Debtor and Creditor Law and those of the Real Property Law, but the former being the later declaration must control. (*Emmi* v. *Patane*, 128 Misc. 901.) Under the present law a conveyance is fraudulent regardless of actual intent if made without a " fair consideration," except that a purchaser who has given less than a " fair consideration " may retain the property as security for repayment if he acted " without actual fraudulent intent." When there is actual intent to defraud, every conveyance so made is fraudulent regardless of the matter of consideration, except as to a purchaser for " fair consideration " or one who has given less than that, who had no knowledge of the fraud when he took. The conveyance in question left the debtor insolvent. It was made for a consideration (an antecedent indebtedness is that), but whether for a " fair consideration " under the statute may not be determined upon this record. But that is not the only reason for deciding that the deed should be set aside. The fraudulent intent of the grantor being established and it being conceded that no valuable consideration was given at the time of the conveyance, the burden then became that of the grantee to establish her innocence in the transaction. (*Hickok* v. *Cowperthwait*, 134 App. Div. 617, 622; modified, but not on this point, 210 N. Y. 137; *Emmi* v. *Patane, supra.*) The cases cited by defendants (*Fullerton* v. *McCurdy*, 55 N. Y. 637, and *Streeter Construction Co.* v. *Kenny*, 209 App. Div. 697) in support of the contention that the burden was upon the plaintiff are not in point. They were not judgment creditor actions and did not involve the statutes in

question here. The grantee here did not establish her innocence and so may not have judgment in her favor. On the contrary, the evidence requires a finding that she knew of the fraud and participated in it. This regardless of the statute would deprive her of her title even had she given a full present consideration for the conveyance. (*Davis* v. *Leopold*, 87 N. Y. 620, 622; *Baldwin* v. *Short*, 125 id. 553, 559, 560; *Frank* v. *Von Bayer*, 236 id. 473, 478.)

Judgment for the plaintiff, with costs. Settle findings and judgment on notice.