### FEIST v. DRUCKERMAN et ux.
### No. 6283.

District Court, E. D. New York.

Feb. 8, 1933.

Lewis, Marks & Kanter, of Brooklyn, N. Y. (Lloyd B. Kanter, of Brooklyn, N. Y., of counsel), for plaintiff.

Edward Weinfeld, of New York City, for defendants.

CAMPBELL, District Judge.

This is a suit by a trustee in bankruptcy to set aside a conveyance made by the bankrupt to his wife, as fraudulent.

On October 15, 1930, the bankrupt was

the owner of an undivided one-half interest in a large parcel of land, and the sole owner of two contiguous small triangular parcels of land, located at Woodhaven boulevard, borough of Queens, city of New York. The bankrupt's wife was the owner of the other undivided one-half interest in the large parcel.

The value of all three parcels, as of October 15, 1930, was $50,000, and the value of the interest of the bankrupt was $25,000.

The interest of the bankrupt was incumbered by a mortgage, originally of $10,000, reduced to $7,000, and unpaid taxes and assessments.

The said bankrupt conveyed his entire interest in the property subject to the mortgage, taxes, and assessments to his wife, by deed dated October 15, 1930, and recorded on October 23, 1930.

At the time of the conveyance by the bankrupt to his wife, the bankrupt was indebted to two banks in the aggregate sum of $85,000, and the indebtedness still remains unpaid to the extent of $42,500.

The conveyance by the bankrupt to his wife was without consideration and therefore voluntary.

The consideration expressed in the deed in question, from the bankrupt to his wife, was $1 and other valuable consideration.

The plaintiff, in addition to offering the deed in evidence, called the bankrupt as his witness.

I saw and heard the witness, and I entirely disbelieve the story he told as to the agreement of the wife to assume the payment of the mortgage, taxes, and assessments, and am confirmed in that belief by the fact that the deed to her contains no provision assuming the obligations and agreeing to pay the same, but simply that the property is taken subject to the mortgage, taxes, and assessments.

Further, we must not lose sight of the fact that it was the brother of the bankrupt that it is claimed was pressing for payment of the mortgage, which the bankrupt contends caused him to make the conveyance in question, but there is no evidence that the mortgage has been paid. The $3,000 that was paid on account of the mortgage was paid by the bankrupt, and the taxes and assessments which were in arrears covered by the undivided one-half interest of the bankrupt, and the undivided one-half interest of the bankrupt's wife in the large parcel.

[1] I am convinced that the conveyance by the bankrupt to his wife was a voluntary one, and intended to put the property beyond the reach of his creditors.

Wadleigh v. Wadleigh, 111 App. Div. 367, 97 N. Y. S. 1063, and Meyer v. Mayo, 196 App. Div. 78, 187 N. Y. S. 346, cited on behalf of the defendants, do not sustain their contention.

The conveyance in question antedated the filing of the petition in bankruptcy by more than four months, and the trustee's right of action is derived from section 70e of the Bankruptcy Act, title 11, § 110 (e), United States Code, 11 USCA § 110 (e), so much of which as is necessary for consideration at this time reads as follows:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. * * *"

It is therefore necessary to show a right of recovery under the laws of the state of New York.

Section 276 of the Debtor and Creditor Law (Consol. Laws, c. 12), chapter 254 of the Laws of the state of New York of 1925 (section 1), in effect April 1, 1925, provides as follows:

"*Conveyance made with intent to defraud.* Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

■ The burden of proof was on the trustee to show that the conveyance was made with the intent to defraud.

■ The courts of New York state have held that a voluntary conveyance made, when the evidence showed that there was an existing indebtedness, is presumptively fraudulent. Smith v. Reid, 134 N. Y. 568, 31 N. E. 1082; Kerker v. Levy, 206 N. Y. 109, 99 N. E. 181.

■ The plaintiff having shown that the conveyance was voluntary, and that at the time of its making there was an indebtedness which is still existing, the burden is on the defendants to rebut the presumption of fraud, and it was not for the plaintiff to show what other property was retained, until the presumption is repelled. Ga Nun v. Palmer, 216 N. Y. 603, 111 N. E. 223; Smith v. Reid,

supra; Klinger v. Hyman (C. C. A.) 223 F. 257.

The defendants offered no evidence, but rested at the close of plaintiff's case, and moved to dismiss upon the ground that the plaintiff had failed to establish a cause of action, in that he did not prove fraudulent intent on the part of the grantor, knowledge on the part of the grantee of the fraudulent intent and purpose on the part of the grantor, and/or insolvency of the grantor at the time of the conveyance.

The fraudulent intent of the grantor has been sufficiently shown, and the presumption has not been rebutted.

The fraudulent intent of the grantor having been established, and a valuable consideration not having been given at the time of the conveyance, the burden is upon the grantee to show her innocence of such intent. Berlenbach v. Bischoff, 137 Misc. 719, 244 N. Y. S. 369, affirmed 231 App. Div. 734, 245 N. Y. S. 744; Emmi v. Patane, 128 Misc. 901, 220 N. Y. S. 495.

Since the enactment of chapter 254 of the Laws of the state of New York of 1925, in effect April 1, 1925 (section 1), known as article 10 of the Debtor and Creditor Law (section 270 et seq.), in all cases respecting fraudulent conveyances, it is the law as to all classes of property, that when the fraudulent intent of the grantor has been shown, the grantee must come in and defend his title both as to fair consideration and as to honest purpose.

The intention of the Legislature to substitute section 276 of the Debtor and Creditor Law, supra, for section 263 of the Real Property Law (Consol. Laws, c. 50) seems clear, as sections 262, 263, and 264 of the Real Property Law were repealed (see Laws 1925, c. 254, § 4), coincident with the enactment of article 10 of the Debtor and Creditor Law.

While it is difficult to understand why sections 265 and 266 of the Real Property Law were not specifically repealed, yet, inasmuch as sections 262, 263, and 264 were declaratory of the law of fraudulent conveyances, with their repeal fell section 265 and section 266, which were qualifying provisions, and section 278 of the Debtor and Creditor Law was intended to supersede section 266 of the Real Property Law, which is not applicable to the instant case.

The Debtor and Creditor Law being the later enactment and in conflict with the Real Property Law, the Debtor and Creditor Law must control. Berlenbach v. Bischoff, supra; Emmi v. Patane, supra.

The rule of law laid down in Starin v. Kelly, 88 N. Y. 419, cited by defendants, decided before the enactment of article 10 of the Debtor and Creditor Law, is no longer the law of this state.

The plaintiff is entitled to a decree as prayed for in the complaint.

A decree may be entered in accordance with this opinion.

Submit proposed findings of fact and conclusions of law in accordance with this opinion, for the assistance of the court, as provided by the rules of this court. Settle decree on notice.