## In re GOODCHILD.

### No. 26230.

District Court, E. D. New York.

April 5, 1935.

Ira J. Ginsberg, of Brooklyn, N. Y., for petitioner.

William J. Rudin, of Brooklyn, N. Y. (Max Schwartz, of Brooklyn, N. Y., of counsel), for trustee.

BYERS, District Judge.

So much of the motion for an order adjudging the bankrupt in contempt as has to do with his failure to comply with the order of the referee concerning certain insurance policies will be reported back to the referee for the following reasons:

The report dated February 18, 1934, seems to contain typographical errors:

1. At the top of page 5, it is stated, in part: "and the purpose of the deposit indicates specifically that the dividends were to be used for the purpose of being applied * * *." Apparently the word "not" is missing.

2. In the third paragraph on the same page, the following occurs: " * * * the instant case where infind that * * *." Probably the word "in" was mistakenly used for the pronoun "I."

3. On page 3, the second policy mentioned bears the number 5119938. The letter from the Equitable Life Assurance Society, to which the report probably refers, has to do with policy No. 4159938.

The matter of substance which invites reconsideration is this:

The report is to the effect that, during the two years preceding the filing of the petition, the bankrupt made payments of premiums in fraud of creditors, and, as a result of that, the referee concludes that "the surrender value of the policies to the extent of the premiums so paid is not exempt under section 55-a of the Insurance Law of the State of New York" (Consol. Laws N. Y. c. 28), but the entire cash surrender values have been included in the amount which the referee awards to the trustee.

The statute says: " * * * the amount of any premiums for said insurance paid with intent to defraud creditors, with interest thereon, shall enure to their benefit from the proceeds of the policy * * *."

It has been decided many times that the cash surrender value of a policy wherein a person other than the insured or his estate is named as the beneficiary does not pass to the trustee in bankruptcy, even though the right to change the beneficiary exists. See In re Messinger (C. C. A.) 29 F.(2d) 158, 68 A. L. R. 1205, and citations. That case applies to the policies here involved, since Johnston's debt matured after section 55-a of the Insurance Law became effective.

It seems therefore that only the premiums which have been paid while the bankrupt was insolvent are to be regarded as fraudulent, and that only so much of the cash surrender value as is traceable to those premiums could be rendered available to the trustee.

There is no testimony in the record, nor any computation by the referee, which indicates how much of the cash surrender value of the policies can be traced to the premiums paid in fraud of creditors, and, in view of the decision in the Messinger Case, supra, the entire cash surrender value cannot be awarded to the trustee.

Therefore the report will be remitted to the referee for re-examination as indicated.