THE HOME INDEMNITY COMPANY (a Corporation), Appellant, v. FILYORK HOLDING CORPORATION; RALPH W. GUIDA; WILLIAM E. ANDERSON, INC. (a Corporation); WILLIAM E. ANDERSON; SIXTY-FIRST HOLDING CORPORATION, Respondents.— Judgment creditor's action to recover (1) as if there had been a fraudulent transfer, and (2) from the directors and their corporations for effecting a voluntary dissolution of the debtor corporation without the consent of a creditor. The action was tried by the court without a jury. The court found that there was no fraud intended or practiced upon plaintiff, and rendered judgment for defendants, dismissing the complaint. Judgment reversed on the law and the facts, with costs, and judgment directed in favor of plaintiff and against the defendants, with costs, for $3,885.30, plus interest, and $1,235, without interest. The court finds that before transferring the assets of the Filyork Holding Corporation on August 4, 1932, the defendants had knowledge of the claim which forms the basis of plaintiff's judgment; that defendants procured the discharge of the notice of lien as a result of the agreement with plaintiff's predecessors, that defendant Filyork Holding Corporation agreed to indemnify the plaintiff's predecessors against the expense of adjusting the lienor's claim; that the transfer of the Filyork Holding Corporation's assets was without notice to the creditor, without any consideration flowing to the Filyork Holding Corporation, and that the transfer left the Filyork Holding Corporation barren of any assets. The court expressly approves the finding that there was no actual fraud intended or practiced upon plaintiff or its predecessors, but disapproves the conclusion of law. The conclusions of this court are that all the property of the Filyork Holding Corporation constituted, as of August 4, 1932, a trust fund for the benefit of plaintiff and all other creditors, and that all of the defendants took possession of all of the property; that the defendants voluntarily dissolved the debtor corporation without notice to or consent of the creditor, and not in compliance with the General Corporation Law; that no accounting further than that shown by the record is necessary; and that plaintiff is entitled to a money judgment. (See *Darcy* v. *Brooklyn & New York Ferry Co.*, 127 App. Div. 167; affd., 196 N. Y. 99.) Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur. Settle order on notice.