**In re BERMAN.**

No. 37465.

District Court, E. D. New York.

March 8, 1940.

Louis P. Rosenberg, of Brooklyn, N. Y., for motion.

Charles L. Meckenberg, of New York City (Milton Maurice Meyer, of New York City, of counsel), for bankrupt, opposed.

Louis H. Cooke, of New York City (Raeburn W. Jenkins, of New York City, of counsel), appearing specially for New York Life Ins. Co., opposed.

BYERS, District Judge.

Motion to review and revise an order of a referee in bankruptcy denying a trustee's motion to compel the bankrupt "to execute and deliver the necessary instruments, papers and documents to enable Louis P. Rosenberg, as trustee, to obtain the sum of $1,359.49 representing the cash surrender value of policies" of life insurance, three in number, which are described; and for an order directing the insurer to pay over that sum "representing the cash surrender values of the said policies traced to the premiums paid by the bankrupt since 1931".

The referee denied the motion, because he was unable to find that the premiums were paid by the bankrupt "with intent to defraud his creditors". With that conclusion, the court is in agreement.

The dates of these policies are: Nos. 9173632 and 9173633, July 21, 1925, and No. 12914915, July 23, 1936. The judgment held by the sole creditor in the bankruptcy proceeding was recovered in 1935 on a note, and the suit thereon was started in 1931.

The petition was filed August 2, 1939, and the trustee's theory is that the bankrupt was insolvent continuously forward from 1929, when the note was executed, because he testified as follows:

"Q. Do you mean to tell us that since 1929, when this note was made, that you have not had any money? A. No.

"Q. Did you pay any part of that note? A. No."

"Q. But you do know that you were never in a position to pay off this note? A. Not since that time.

* * *

"Q. Do you know what it is to be insolvent? A. I am insolvent now.

"Q. How long have you been insolvent? A. Well, I am employed and it takes every dime that I earn to get along and that is what I call being insolvent.

"Q. Since the time the judgment was obtained against you you have been insolvent, is that right? A. Absolutely."

It will be observed that he was not asked the relation between his assets and his liabilities.

His own opinion of what constituted insolvency can hardly be accepted in place of proof of the actual facts.

For present purposes, insolvency is shown as of August 2, 1939, only. Premium payments from 1931 down to August 2, 1939, cannot be deemed to have been made in fraud of creditors, in the absence of adequate proof to that effect.

Section 55-a of the Insurance Law of New York, Consol.Laws, c. 28 (now superseded by Section 166, effective January 1, 1940) contains a proviso touching the payment of the proceeds of a life insurance policy "in cases of transfer with intent to defraud creditors", which is familiar and has been the subject of so. many decisions that its present repetition is not needed.

The cases cited by the trustee do not suggest error on the part of the referee:

In re Hirsch, D.C., 4 F.Supp. 708, objection to a composition was sustained, as would have been a ruling on an application for discharge, for the reason that within six months prior to bankruptcy, and while insolvent, the bankrupt had paid substantial insurance premiums in advance of their becoming due, which was held to constitute a transfer or concealment of property, with intent to delay or defraud creditors.

Here the evidence fails to show such a transfer or concealment with intent to delay or defraud creditors.

Feist v. Druckerman, D.C., 6 F.Supp. 751, does not deal with the subject-matter of this litigation.

In re Goodchild, D.C., 10 F.Supp. 491, seems to require a word of comment. In that case a report of a referee was sent back for reexamination because of certain typographical errors and because the surrender values of certain life insurance policies, to the extent of premiums paid thereon, were held not to be exempt. The decision of this court was that only the premiums paid while the bankrupt was insolvent were to be regarded as fraudulent and, since the period of insolvency embraced the payments in question, the opinion said: " * * * only so much of the cash surrender value as is traceable to those premiums could be rendered available to the trustee". It was pointed out that there was no testimony in the record on the subject, nor any appropriate computation by the referee, and in the absence of such, the entire cash surrender value could not be awarded to the trustee, and the report was remitted for reexamination.

That case cannot be of assistance in the absence of testimony supporting the conclusion that the premium payments were made by the bankrupt with intent to defraud his creditors.

Nor is it an authority for issues not purporting to have been determined.

Whether there can be "proceeds" of a policy, before it becomes payable, was not even discussed, nor was it intended to be decided by the use of the expression "available to the trustee", since the time of availability was not before the court.

Motion denied. Settle order.