## In the Matter of the Application of Joseph Diaz.

Supreme Court, Special Term, New York County, June 30, 1948.

*Spies & Spies* for Joseph Diaz, judgment-creditor-applicant.

*Milton Cooper* for Continental Casualty Company, judgment-creditor-respondent.

EDER, J. This is a controversy between rival judgment creditors of one Joseph Sosa, who was awarded by this court the sum of $4,580.19, representing his interest in a condemnation award concerning condemnation of premises No. 31 West 114th Street, borough of Manhattan, city of New York, being Unit 145 of the Stephen Foster Houses project. Said Sosa and the judgment creditor Joseph Diaz owned the aforesaid condemned property as joint tenants.

Diaz commenced an action in this court against Sosa to recover damages in the sum of $10,000 and in said action obtained a warrant of attachment. Diaz ultimately recovered judgment against Sosa for the sum of $10,204.85. At the time of the commencement of the action and obtaining said warrant of attachment there was pending in this court the afore-mentioned condemnation proceeding. In the said proceeding title to the property acquired vested in the City of New York on August 2, 1946.

The city became immediately obligated to pay Sosa the value of the property taken by it to the extent of his interest therein. It was a debt, or, as sometimes styled, a chose in action, and was absolutely payable, in the future, in such sum as would be awarded to him by the final decree in said proceeding (*Matter of Rhinebeck & Conn. R. R. Co.*, 67 N. Y. 242, 246–247).

A debt or chose in action is personal property which may be levied upon by attachment (Civ. Prac. Act, § 916; *Polish Relief Comm.* v. *Banca Nationala a Rumaniei*, 288 N. Y. 332, affg. 262 App. Div. 543; *Herrmann & Grace* v. *City of New York*, 130 App. Div. 531, affd. 199 N. Y. 600). Similarly, an award made in a condemnation proceeding is deemed personal property into which the real property taken has been converted by operation of law (*Murphy* v. *Hirschman*, 168 App. Div. 153; *New York Central & Hudson Riv. R. R. Co.* v. *Cottle*, 102 Misc. 30), and is subject to attachment.

The levy upon such debt and interest followed them and adhered to the award ultimately granted to Sosa by the final decree as an integral incident of the attachment and levy and the levy reached and became a lien upon the award as of the date the levy was made, which was on March 27, 1947, by the service of a copy of the warrant of attachment on the city treasurer and the city comptroller.

"The general rule is that a lien upon property attaches to whatever the property is converted into and is not destroyed by changing the nature of the subject. * * * It follows its subject and cannot be shaken off by a change of form or substance. It clings to any property or money into which the subject can be traced * * *." (*Fischer-Hansen* v. *Brooklyn Heights R. R. Co.*, 173 N. Y. 492, 501–502.)

The opposing claimant, Continental Casualty Company, on March 11, 1947, caused to be entered in its favor and against Sosa, a judgment in the sum of $1,000, which judgment was docketed in the office of the Clerk of New York County. On April 23, 1947, said claimant served a third party subpœna, authorized by section 781 of the Civil Practice Act, upon the city comptroller, in aid of its attempt to satisfy said judgment.

It is contended that the docketing of said judgment thereupon became a lien upon the said real property or the interest therein which Sosa may have owned at that time, and situated in New York County, and that the service of the third party subpœna created a lien upon the award.

Sosa, however, had no ownership or interest in said real property to which a lien could attach, as title to the property vested in the City of New York on August 2, 1946.

Said section 781 enjoins and forbids the transfer or other disposition of property belonging to the judgment debtor until the further order of the court. The service of the third party subpœna authorized by section 781 of the Civil Practice Act does not create any lien in favor of the judgment creditor; its effect is to operate as an injunction until the further order of the court. As to any *lien* which might attach to the award or interest of Sosa therein, as personal property, the service of the third party subpœna had no such effect. If execution had issued on the judgment, a lien on the personal property of Sosa could have been acquired, as prescribed by section 679 of the Civil Practice Act (*Meyerhardt* v. *Heinzelman*, 71 N. Y. S. 2d, 692, affd. 272 App. Div. 800). No execution appears to have been issued.

Therefore, claimant Continental Casualty Company has no tenable claim of lien upon the award to Sosa or to any interest of his therein. Assuming, *arguendo,* that it did have a lien, it would be subordinate to the lien of the attachment, which became effective prior to the date of the service of the third party subpœna, for the levy under the warrant of attachment was made on March 27, 1947, whereas the third party subpœna was served on April 23, 1947.

The remaining point made by claimant Continental Casualty Company is that the papers upon which the warrant of attachment was granted are insufficient upon the face thereof and hence the warrant and the levy made thereunder are invalid and void and created no lien by virtue thereof.

Such a claim is to be presented by a formal application to the court to vacate the attachment and levy, provided for by section 948 of the Civil Practice Act. It may not be considered on this motion.

The motion of the judgment creditor Diaz, is, accordingly, granted. Settle order.