**UNITED STATES of America,**
**Plaintiff,**

v.

**Mrs. Elly Swaab BEHRENS, Individually and as Executrix of Estate of Leo F. Behrens, Defendant.**

**Civ. A. No. 14169.**

United States District Court
E. D. New York.

April 1, 1955.

H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, Donald P. Hertzog, Sp. Assts. to Atty. Gen., Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., John W. Wydler, Asst. U. S. Atty., Garden City, N. Y., for the United States.

Henry L. Kanter, New York City, for defendant.

BRUCHHAUSEN, District Judge.

Both parties moved for summary judgment.

The facts are stipulated. The issue of law presented is whether a Government lien under 26 U.S.C.A. § 3670 for taxes assessed against a decedent prior to his death attaches to the cash surrender value of life insurance policies, taken out by the insured, who retained the right to change the beneficiary, borrow on the policies, assign them and receive the cash surrender values.

The said statute, insofar as applicable, reads as follows:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount * * * shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

The material facts, in substance, are that in or about the month of February, 1948, the Commissioner of Internal Revenue made an assessment against Leo F. Behrens for income taxes, owing for the year 1944, totalling the sum of $29,648.-20, including interest; that notice of assessment and demand was made therefor; that by allowances and payments

the net deficiency for said 1944 income taxes was reduced to the sum of $7,965.-42; that in or about the month of August, 1948, the said Commissioner made an assessment against the said Leo F. Behrens for income taxes, owing for the year 1945, totalling the sum of $28,316.-25, including interest; that notice of assessment and demand was made therefor; that after crediting an allowance, the net deficiency for said 1945 income taxes was reduced to the sum of $14,-223.41; that the said Leo F. Behrens died on March 22, 1949; that on November 7, 1949, a proof of claim for the taxes for said years in the sum of $25,467.-06 was filed with the estate and allowed and that no part thereof has been paid; that at the time of his death the said Leo F. Behrens had a right to the cash surrender value of certain life insurance policies with a total value of $22,697.02; that he was insolvent at the time of his death and had been insolvent at all times since January 1, 1944; that Elly Swaab Behrens was named as beneficiary in the said policies; that the insured retained the right to change the beneficiary of the policies, the right to borrow on them and the right to the cash surrender values; that he paid the premiums on the policies; that, upon his death, the insurance company paid the proceeds of the said policies, totalling the sum of $58,761.28, to the beneficiary; that prior to his death he pledged the policies for a loan of $17,032.49 which the beneficiary paid subsequent to his death.

Defendant contends that the cash surrender value of the policies did not merge with the decedent's estate at his death but lost its identity upon such death, with the result that the face amount of the policies became new property in the hands of the beneficiary, free and clear of the claims or rights thereto, asserted by the plaintiff. She further urges that Section 166 of the Insurance Law of the State of New York is substantive law so affecting the insurance contract as to bar recovery of the proceeds of the policies by the plaintiff.

■ Unquestionably the tax lien attached to the cash surrender value of the policies prior to the death of the decedent.

Both parties heavily rely upon the case of Rowen v. Commissioner of Internal Revenue, 2 Cir., 215 F.2d 641, which unequivocally holds that cash surrender values of insurance policies are not extinguished by the death of the insured, but pass to the beneficiaries as transferees, subject to disposition as transferred assets pursuant to the provisions of Section 311 of the Internal Revenue Code.

Although the cases of Tyson v. Commissioner of Internal Revenue, 6 Cir., 212 F.2d 16, involving insurance policies without cash surrender values, and Kieferdorf v. Commissioner of Internal Revenue, 9 Cir., 142 F.2d 723, concerning policies payable to the insured's estate are not determinative of the issue herein, they support the principle that cash surrender values do pass to the estate.

The fact that a lien existed in the instant case distinguishes it from all of the other pertinent cited cases except the case of United States v. Steele (U.S.D.C. N.D.N.Y.1939) 39–2 U.S.T.C. 10, 744, 26 A.F.T.R. 1186, not otherwise reported which case does not allude to the theory of the more recent and controlling Rowen case, supra, as to cash surrender value, and the cases of Pearlman v. Commissioner of Internal Revenue, 3 Cir., 153 F.2d 560, favorable to the Government herein, and Smith v. Donnelly, D. C., 65 F.Supp. 415. In the latter case no death was involved. It is, however, in point in that a somewhat similar local statute was interposed as a defense. The Court therein said, 65 F.Supp. at page 418:

> "The United States having a lien on whatever property rights are represented by the insurance contracts * * * it follows that the government may by foreclosure effect the application of the property to the reduction of the tax obligation * * *."

In cases of Kieferdorf v. Commissioner of Internal Revenue, supra, favorable to the Government, Tyson v. Commissioner of Internal Revenue, supra, and Rowen v. Commissioner of Internal Revenue, supra, no lien was involved.

The case of United States v. City of Greenville, 4 Cir., 118 F.2d 963, contains a thorough treatise on the nature and operation of a federal tax lien, and indicates quite clearly that it can not be affected by state legislation. See also the cases of State of Michigan v. United States, 317 U.S. 338, 63 S.Ct. 302, 87 L. Ed. 312; Glass City Bank of Jeanette, Pa. v. United States, 326 U.S. 265, 66 S. Ct. 108, 90 L.Ed. 56, and McCulloch v. State of Maryland, 4 Wheat. 316, 4 L.Ed. 579.

■ Since in this case there was a valid lien and inasmuch as it could have been satisfied out of cash surrender values before death or existing at death, it may be satisfied from the cash surrender values received subsequent to the death. No state law can defeat such valid lien.

In the case of Fischer-Hansen v. Brooklyn Heights R. Co., 173 N.Y. 492, 501, 502, 66 N.E. 395, 398, the Court said:

" * * * the general rule is that a lien upon property attaches to whatever the property is converted into, and is not destroyed by changing the nature of the subject. * * * It follows its subject, and cannot be shaken off by a change of form or substance. It clings to any property or money into which the subject can be traced * * *." See also Application of Diaz, 192 Misc. 212, 80 N.Y.S.2d 504.

If defendant's further contention that the cash surrender value just disappeared, contra to the Rowen ruling, supra, had merit, then her defense to this action would be based upon Section 166 of the Insurance Law of New York, McK. Consol.Laws, c. 28.

Subdivision 4 of that section demonstrates that in no event would fraud be countenanced. Numerous authorities support that view. Edgar A. Levy Leasing Co., Inc., v. Wishner, 147 Misc. 828, 265 N.Y.S. 184; Horowitz v. Weinberg, 156 Misc. 629, 281 N.Y.S. 644, affirmed 246 App.Div. 701, 284 N.Y.S. 989; In re Goodchild, D.C.E.D.N.Y., 10 F.Supp. 491; In re Feynman, 2 Cir., 77 F.2d 320 and In re Hirsch, D.C., 4 F.Supp. 708.

The principle is reaffirmed in the Rowen case, supra, 215 F.2d at pages 649, 650, viz.:

" * * * under our view of Section 55–a (now Section 166) the respondent herein can only recover on a showing of actual fraud."

■ Fraud as meant by the said subdivision is defined by Article 10 of the New York Debtor and Creditor Law, McK.Consol.Laws, c. i. e., a transfer made during insolvency. As hereinabove stated, the insured was insolvent even prior to his tax deficiency herein.

■ Surely, then, plaintiff could recover so much of the proceeds as equalled the premiums paid subsequent to the time of the insolvency. In re Hirsch, D. C.S.D.N.Y., 4 F.Supp. 708; In re Goodchild, D.C.E.D.N.Y.1935, 10 F.Supp. 491; Coffin v. Shour, 246 App.Div. 263, 285 N.Y.S. 197. By that authority, the Government may recover the portion of the proceeds for which the fraudulent premiums were responsible.

Under the lien theory, however, the Government is entitled to recover to the full extent of the cash surrender values.

■ The defendant, as a defense, alleges laches by the Government in satisfying its lien. The individual defendant, whose testator was delinquent in the payment of taxes in the first place, of which she had full knowledge, is not in a position to resort to equity.

The plaintiff's motion for summary judgment is granted. The defendant's motion is denied. Settle order on notice.