Isidor Wasservogel,
Special Ref. This is a judgment creditor’s action in equity whereby plaintiff seeks to set aside alleged preferential and fraudulent transfers of corporate assets made by certain of the defendants in contemplation of the insolvency of the corporate defendant H. S. Dorf & Co., Inc. Plaintiff also seeks damages, an accounting as to the alleged dissipated corporate property, the appointment of a receiver to take over the business of defendant Dorf International, Ltd., and an injunction restraining the individual defendant from engaging-in similar business activities under the name “Dorf”. The named individual defendants Martin, Volbo, G-ayster and Sergi were not served and, therefore, are not before the court.
Plaintiff, the judgment creditor, defendant II. S. Dorf & Co., Inc., the judgment debtor, and defendant Dorf International, Ltd., its business successor, are domestic corporations. Prom 1932 to 1950, PI. S. Dorf & Co., Inc., was engaged in business as an international freight forwarder, United States Custom House broker, and as a credit factor. As a result of its business dealings with plaintiff, the latter instituted a lawsuit against H. S. Dorf & Co., InCi, which resulted in a judgment in June, 1950 in favor of plaintiff against the corporation for more *800 than $38,000. Upon appeal, the Appellate Division reversed the trial court on the ground that it was error for it to have directed a verdict for plaintiff. Upon retrial in December, 1951 plaintiff obtained a judgment for $53,176.50 against H. S. Dorf & Co., Inc., of which only approximately $2,000 has been paid. In supplementary proceedings, the corporate judgment debtor’s officers testified that the corporation had no other assets.
The record shows that early in 1950, the individual defendant Dorf caused a corporation lmown as Independent Forwarding & Carloading Co., Inc., to be reactivated after a dormant existence of many years. On June 27, 1950 its name was changed to Dorf International, Ltd., one of the defendants herein. On or about July 1, 1950 H. S. Dorf & Co., Inc., ceased to operate and Dorf International, Ltd., thereafter assumed its business, hired its personnel, took over its leased' premises, office equipment and customers, and engaged in the same business activities as those previously engaged in by the corporate judgment debtor. Contrary to defendant’s contention, nothing in the record warrants the conclusion that Dorf International, Ltd., paid any consideration for any of the assets (that is, good will, equipment, leased premises, etc.) it received from its predecessor firm, H. S. Dorf & Co., Inc.
The credible testimony and documentary evidence establish that before closing the business of the corporate judgment debtor, the individual defendant Dorf, as its president, caused substantial payments from its assets to be made to himself. Dorf, who had made loans to the debtor corporation, but could not show any repayment of them subsequent to February, 1949, received more than $6,000 in July, 1950 from H. S. Dorf & Co., Inc., despite his knowledge of the fact that the corporation at this time was, for all intents and purposes, completely insolvent. Likewise, the record establishes that when Dorf, as president of H. S. Dorf & Co., Inc., caused the corporation to close its business affairs on or about July 1,1950 it had accounts receivable amounting to $66,792.08. On July 31, 1950, just one month later, the accounts receivable had been reduced to $29,490.55, establishing that the corporation had collected within the intervening 30-day period a total of $37,301.53. No part of these moneys was paid to plaintiff nor was any proof adduced by defendants to establish that any part of this sum was properly disbursed by them to creditors in compliance with section 15 of the Stock Corporation Law (see Berlanbach v. Bischoff, 137 Misc. 719, affd. 231 App. Div. 734; Tanner v. Eckhardt, 107 App. Div. 79).
*801 From July 31, 1950 to December 31, 1951, the accounts receivable of H. S. Dorf & Co., Inc., were further reduced to $25,621.43 indicating additional collections on behalf of the corporation. Of these moneys, plaintiff received a total of $2,039.33. The documentary evidence also establishes that from the time H. S. Dorf & Co., Inc., ceased doing business and up to December 31, 1951, large sums of money far in excess of the unpaid balance of $51,176.50 on plaintiff’s judgment were caused to be paid by the individual defendant Dorf to creditors other than plaintiff. In the opinion of the court, such payments violate the provisions of section 15 of the Stock Corporation Law and sections 273 and 276 of the Debtor and Creditor Law, thereby rendering Dorf personally liable therefor (General Corporation Law, § 60).
In substance, section 15 of the Stock Corporation Law prohibits any transfer of property of a corporation when 1 ‘ its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation ”. Section 60 of the General Corporation Law renders the officers of a corporation personally liable for misconduct in the disposition of the funds and property of the corporation. The applicable provisions of the Debtor and Creditor Law, in effect, provide that every conveyance made by a corporation which thereby renders it insolvent is deemed to be fraudulent as to creditors in the event such conveyance is made without a fair consideration (§ 273). Section 276 of the Debtor and Creditor Law further provides that “ Every conveyance made * * * with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.” (Emphasis added.) In the opinion of the court, the transfer of assets of H. S. Dorf & Co., Inc., made by the individual defendant Dorf subsequent to June 27, 1950, whether such transfers were made to Dorf International, Ltd., without consideration, or to sélect creditors in preference to others at a time when he knew H. S. Dorf & Co., Inc., to be insolvent, all fall within the prohibition of the foregoing provisions of the law.
The mere fact that plaintiff’s first judgment was reversed by an appellate court does not impair its right now as a judgment creditor under the second judgment it obtained to complain of the fraudulent payments caused to be made by Dorf from assets of H. S. Dorf & Co., Inc. The applicable provisions of the Debtor and Creditor Law and the Stock and General Corporation Laws intended, in the case of insolvency or discontinu *802 anee of the business of a corporation, to preserve its assets as a trust fund for the benefit of all creditors (Buckley v. Stansfield, 155 App. Div. 735), The purpose of these laws is that every creditor should be paid proportionately his share of these trust funds after the insolvency of the corporation occurs. Today, plaintiff is the only preferred creditor of the corporate judgment debtor and, therefore, is not required to share its assets with ordinary creditors, if any exist. Nevertheless, even an ordinary creditor would have cause to complain of the payments made by Dorf and the transfer of corporate assets without consideration at a time when he knew the corporation he personally controlled was, for all intents and purposes, insolvent. Such payments and transfers, therefore, are clearly fraudulent within the intent and meaning of the cited provisions of the law. While an individual debtor is permitted to make preferential payments to creditors, the law forbids such discrimination with regard to creditors of a corporation (Stock Corporation Law, § 15; Standard Nat. Bank v. National Silk Label Co., 30 Misc. 219, 221, affd. sub. nom. Standard Nat. Bank v. Garfield Nat. Bank, 70 App. Div. 46).
There is no merit to defendant’s contentions that plaintiff at this time must share his recovery in this action with other creditors, if any, of H. S. Dorf & Co,, Inc. It is conceded by defendants that H. S. Dorf & Co., Inc., has no other judgment creditors and all claims of ordinary creditors are now barred by the Statute of Limitations. Thus, it necessarily follows that plaintiff is now the only remaining creditor of H. S. Dorf & Co., Inc., which can recover as a result of the instant action.
Defendants argue that the New York Debtor and Creditor Law permits preferential payments of antecedent debts. It is well-settled law, however, that a voluntary dissolution of a corporation by its officers and directors without compliance with the applicable provisions of the Stock Corporation Law and the equal and equitable distribution of assets to creditors constitutes a fraud, as a matter of law, on the part of the corporate officers (Home Ind. Co. v. Filyork Holding Corp., 258 App. Div. 962, affd. 283 N. Y. 728; Rose v. Rose, 241 App. Div. 3; Lazar v. Towne House Restaurant Corp., 142 N. Y. S. 2d 315; Brown Packing Co. v. Lewis, 185 Misc. 445). Thus, where there is actual fraud, as must be deemed to be present in the instant action, any transfer, even for an antecedent indebtedness, must be set aside as invalid (Berlanbach v. Bischoff, 137 Misc. 719, affd. 231 App. Div. 734, supra).
There can be little doubt that the individual defendant Dorf completely controlled and dominated the corporate judgment *803 debtor H. S. Dorf & Co., Inc. This corporation had no credit standing of its own, but was financed exclusively by Dorf. Whatever the corporation appeared to do on paper was done, in fact, by Dorf, acting through and using its corporate shell. It necessarily follows, therefore, that Dorf, as an officer and director of H. S. Dorf & Co., Inc., must be held liable to plaintiff for the money and value of the corporate debtor’s assets disbursed by him with knowledge of its actual or impending insolvency. This liability includes, but is not limited to, the preferential repayments of loans made by Dorf to H. S. Dorf & Co., Inc., or to the corporation’s customers in behalf of H. S. Dorf & Co., Inc., in an amount exceeding $100,000 (Minkoff v. Lionell, 172 N. Y. S. 2d 723; Irving Trust Co. v. Manufacturers Trust Co., 6 F. Supp. 185; Bennett v. Gleisch, 3 F. Supp. 709).
Contrary to Dorf’s argument, there is nothing in the record to support his Mpirn that he made these loans directly to customers of the ^ corporation. On the contrary, the evidence clearly shows .. mf supplied the money to H. S. Dorf & Co., Inc., which in tm sade the loans to its customers, who were never aware of the iaot that the moneys came from Dorf, personally. Thus, when customers repaid the moneys loaned to them by the corporation, they, in fact and in law, were repaying loans made to them by the corporate debtor. These repayments necessarily became assets of the corporation and not of the individual defendant Dorf, who, at best, was a simple, ordinary creditor of the corporation.
Inasmuch as the repayments of these loans to the corporate judgment debtor (which Dorf decided to keep in repayment of his loans to the corporation, in preference to its other creditors) far exceeds the damages which plaintiff is entitled to recover in this action, it is unnecessary for the court to discuss at length the value of other corporate assets such as good will, leasehold and equipment which the individual defendant Dorf also caused to be transferred either as preferential payments or without consideration. It is sufficient to note that little evidence was adduced upon the trial of this action which would warrant the court in fixing or estimating any value for the good will of H. S. Dorf & Co., Inc., transferred by Dorf to Dorf International, Ltd., after the corporate judgment debtor was insolvent.
Defendants are not entitled to any setoff by reason of the assigned accounts receivable to plaintiff by the judgment debtor pursuant to court order. Such order of a Justice of this court did not compel plaintiff to collect those accounts receivable, but left the matter solely within plaintiff’s discretion. In the absence of proof that plaintiff collected any moneys on these *804 items and in view of the fact that the collection of such accounts receivable is now barred by the Statute of Limitations, there is no basis at this time for any setoff.
Judgment is rendered in favor of plaintiff against the individual defendant Dorf for the sum of $51,176.50, with interest from January 2, 1952. The decree to be entered herein shall provide that, in the event such judgment cannot be satisfied, plaintiff may then apply at Special Term, Part I of this court for the appointment of a receiver to take over the business of Dorf International, Ltd., and to follow and collect the assets of H. S. Dorf & Co., Inc., until such judgment is fully satisfied. Pending the satisfaction of this judgment, the decree may also provide for an injunction restraining the individual defendant Dorf and other officers and directors of H. S. Dorf & Co., Inc., and Dorf International, Ltd., from engaging in any similar business under any corporate name in which <£ Dorf ” is made a part.
Pursuant to section 276-a of the Debtor and Creditor Law, a counsel fee of $3,000 is fixed as reasonable attorney’s fees for plaintiff’s counsel.
Plaintiff may also tax the costs of this action.
Submit decree accordingly within 10 days on three days’ notice.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.